84 F.3d 998
 OLD REPUBLIC INSURANCE COMPANY, Plaintiff-Appellee, Cross-Appellant,
v.
CHUHAK & TECSON, P.C., Edwin Josephson, and Michael Kearns,
Defendants-Appellants, Cross-Appellees.
OLD REPUBLIC INSURANCE COMPANY, Plaintiff-Appellant,
v.
CHUHAK & TECSON, P.C., Edwin Josephson, and Michael Kearns,
Defendants-Appellees.
 Nos. 95-1638, 95-1663, 95-1779 and 95-4093.
 United States Court of Appeals,
Seventh Circuit.
 Argued April 17, 1996.
Decided June 3, 1996.
 
 Robert F. Daley, Phelan, Cahill & Quinlan, Chicago, IL, Steven D. Pearson (argued), Bates, Meckler, Bulger & Tilson, Chicago, IL, for Old Republic Ins. Co., in Nos. 95-1638 and 95-1779.
 Alan R. Dolinko (argued), Cary S. Fleischer, Thomas W. Hargrove, Chuhak & Tecson, Chicago, IL, for Chuhak & Tecson, P.C. and Edwin I. Josephson.
 Robert F. Daley, Phelan, Cahill & Quinlan, Chicago, IL, Bruce R. Meckler, Steven D. Pearson (argued), Bates, Meckler, Bulger & Tilson, Chicago, IL, for Old Republic Ins. Co., in No. 95-1663.
 Jeffrey M. Goldberg, Lawrence R. Kream (argued), Goldberg & Associates, Chicago, IL, for Michael Kearns.
 Steven D. Pearson (argued), Anne L. Blume, Bates, Meckler, Bulger & Tilson, Chicago, IL, for Old Republic Ins. Co., in No. 95-4093.
 Before POSNER, Chief Judge, and CUMMINGS and COFFEY, Circuit Judges.
 POSNER, Chief Judge.
 
 
 1
 We have consolidated for argument and decision the appeals in two cases, virtually identical, mysteriously assigned to two different judges of the same district court--who reached opposite results, the second judge disagreeing so violently with the first that he imposed sanctions on the plaintiff in the second case for relying on the first judge's opinion.
 
 
 2
 The cases are diversity suits governed by Illinois law. They involve a dispute between an insurance company, Old Republic, on the one hand, and, on the other, a lawyer named Josephson; the law firm, Chuhak & Tecson, of which he was a member; and an individual named Michael Kearns, who has sued Josephson for legal malpractice. A narrative of the events leading up to the district judges' decisions will quickly disclose the proper disposition of the appeals.
 
 
 3
 Kearns, injured in a construction accident in 1986, retained Josephson, who was then a partner in the law firm of Mass, Miller and Josephson, to prosecute a tort claim estimated by Kearns to be worth several hundred thousand dollars. In 1989 Josephson left Mass, Miller and Josephson and became a partner in Chuhak & Tecson. Old Republic had insured Chuhak & Tecson, along with any person, such as Josephson, "who is or becomes a partner, officer, director or employee" of Chuhak & Tecson, against liability claims made during the policy period that arose out of professional services rendered by such persons "in connection with [Chuhak & Tecson's] practice of law."In 1991, Kearns brought a suit for malpractice against Josephson in an Illinois state court, claiming that Josephson had failed to file suit on Kearns's tort claim within the two-year statute of limitations for filing such a suit, which had expired in 1988. Josephson tendered the defense of the claim to Old Republic. Old Republic responded by filing a suit in federal district court against Josephson, Chuhak & Tecson, and Kearns, seeking a declaration that it was not required to defend Josephson because his alleged malpractice in failing to file a timely suit on Kearns's behalf had occurred before he joined Chuhak & Tecson and hence could not have arisen out of professional services in connection with that firm's practice of law. This, the first of the two suits that these appeals bring before us, was assigned to Judge Norgle. Defending against the suit, Chuhak & Tecson pointed out that Kearns's complaint was probably in error in alleging that the applicable statute of limitations was two years; it was four. This would mean that the claim for malpractice had not arisen until 1990 (when the time for filing Kearns's suit expired), by which time Josephson was practicing with Chuhak & Tecson. Judge Norgle nevertheless granted summary judgment for Old Republic. His ground was that there had been no showing that Kearns had ever become a client of Chuhak & Tecson; and if he had not, then Josephson's alleged malpractice was not "in connection with" the firm's practice of law and so was not covered by the policy. The defendants appealed, while Old Republic filed a conditional cross-appeal complaining of an order by Judge Norgle that had prevented it from conducting discovery aimed at uncovering the details of Josephson's employment contract with Chuhak & Tecson. These are the appeals numbered 95-1638, 95-1663, and 95-1779 in this court.
 
 
 4
 Judge Norgle rendered his decision in 1994. The following year Kearns dismissed the state court suit against Josephson that he had filed in 1991, but within a few days he filed a fresh suit, much like the old, against Josephson. The new suit acknowledged the applicability of the four-year statute of limitations, thus pushing the alleged malpractice into the period in which Josephson was a member of Chuhak & Tecson, and alleged "that after his association with the firm of Chuhak & Tecson, defendant, Edwin Josephson, committed the acts or omissions described in this complaint as an agent and/or employee of the firm of Chuhak & Tecson." Josephson tendered the defense of Kearns's new suit to Old Republic, which responded by filing its second declaratory judgment suit, relying on Judge Norgle's decision in the first suit. This second suit was randomly assigned to Judge Shadur, who turned down Old Republic's motion to transfer it to Judge Norgle on the ground that although the suits were related, the rules of the U.S. District Court for the Northern District of Illinois forbid assigning a related case to the same judge if the case before that judge is no longer "pending." N.D. Ill. R. 2.31(b)(1). But the first suit was pending, albeit in our court rather than in the district court. (We have found no case discussing the meaning of "pending" in the rule.) Having refused to relinquish the case, Judge Shadur, emphasizing the language that we have quoted from the complaint in Kearns's new suit, quickly disposed of it, holding that Old Republic is obligated to defend Josephson against the suit and sanctioning Old Republic for filing the second declaratory judgment action in bad faith. Old Republic appeals from both the judgment on the merits and the imposition of sanctions. This is the appeal numbered 95-4093.
 
 
 5
 Primarily as a result of Judge Shadur's refusal (arguably under compulsion of the district court's rule) to transfer the second case to Judge Norgle, we have had to wade through 286 pages of briefs in a straightforward dispute over the obligation to defend under an insurance policy. And we have had to endure the spectacle of one judge imposing sanctions on a party for relying on the opinion of another judge of the same court in a nearly identical case. A procedure at once so redundant and so unseemly mocks the efforts of the federal judiciary to reassure skeptics that we are trying with some success to achieve expedition and economy in the judicial process. The doctrine of collateral estoppel, which requires only a judgment that is final in the court rendering it, and not a judgment that is final after exhaustion of appellate remedies, Prymer v. Ogden, 29 F.3d 1208, 1213 n. 2 (7th Cir.1994); Williams v. Commissioner, 1 F.3d 502, 504 (7th Cir.1993), might have abbreviated the second suit; but Old Republic has not pleaded collateral estoppel, so the issue is waived.
 
 
 6
 The appeals from Judge Norgle's decision in Old Republic's first declaratory judgment suit may appear to be moot because the suit that Josephson wanted Old Republic to defend, Kearns's 1991 suit against him, has been dismissed. There is no longer anything to defend. But Josephson argues that he incurred substantial costs of defending the suit before it was dismissed. If Old Republic had a duty to defend that suit, it has a duty to reimburse Josephson for those costs. So Old Republic's suit, while moot insofar as any further duty to defend against Kearns's 1991 suit is concerned, is not moot concerning responsibility for the costs of defense already incurred.
 
 
 7
 We think that Old Republic did have a duty to defend that suit, and hence that Judge Norgle's decision to the contrary was erroneous. The duty to defend imposed by liability insurance contracts that obligate the insurer to bear the expense of defending as well as indemnifying the insured against claims of liability has been interpreted to be broader than the duty to indemnify. Crum & Forster Managers Corp. v. Resolution Trust Corp., 156 Ill.2d 384, 189 Ill.Dec. 756, 762, 620 N.E.2d 1073, 1079 (1993); Transcontinental Ins. Co. v. National Union Fire Ins. Co., 278 Ill.App.3d 357, 214 Ill.Dec. 934, 942, 662 N.E.2d 500, 508 (1996). If the suit against the insured contains claims arguably covered by the policy, the insurance company must defend. The burden on the insured would be great if he had to pay a lawyer both to defend himself against the liability claim and litigate close questions of coverage with the insurer.
 
 
 8
 Kearns's 1991 suit named as the defendant a lawyer employed by Chuhak & Tecson and hence presumptively insured under the policy that Old Republic had issued to the firm. The suit seemed, however, to relate to an act of malpractice committed in 1988 and hence before the defendant joined Chuhak & Tecson, for by 1988 two years had elapsed from the date of Kearns's accident without Josephson's having sued on his behalf, and a claim for malpractice based on failing to sue within the statute of limitations accrues when the period allowed by the statute of limitations for suit expires.
 
 
 9
 Old Republic therefore had a solid basis for seeking a declaration that it had no duty to defend because the alleged malpractice was clearly beyond the scope of the policy. But when the insured countered with evidence that the applicable statute of limitations was four years, not two, the picture changed. Kearns could easily amend, and could be expected to amend, his complaint to change the date of the alleged malpractice from 1988 to 1990, after Josephson became an insured under the policy. In fact Kearns did this, in an amended complaint filed in the 1991 suit before he, for reasons that are unclear to us, dropped that suit and instituted a new one in 1995. All that Old Republic was left to argue was that maybe Josephson, even after joining Chuhak & Tecson, hadn't represented Kearns "in connection with" Chuhak & Tecson's business. Maybe representation of Kearns was a frolic of Josephson's own. Maybe. But a maybe doesn't cancel the duty to defend. The administration of legal malpractice insurance would be greatly encumbered if every time an employee of an insured firm, and hence an additional insured, tendered a defense to the insurer, the insurer filed a declaratory judgment suit to explore the (remote) possibility that the employee had not been acting within the scope of his employment when he committed the alleged act of malpractice. And not only malpractice insurance. If a truck driver while driving one of his employer's trucks runs down a pedestrian and the employer tenders the defense of the pedestrian's claim to its liability insurer, the latter will not be warranted in filing a declaratory judgment action to determine whether the driver might have been on a frolic or detour of his own, unless there is a good reason to suspect that. (Oddly, there is authority in Illinois that an automobile liability insurance policy covers frolics and detours, Farmers Automobile Ins. Ass'n v. Iowa Mutual Ins. Co., 77 Ill.App.2d 172, 221 N.E.2d 795 (1966); Harry W. Kuhn, Inc. v. State Farm Mutual Automobile Ins. Co., 201 Ill.App.3d 395, 147 Ill.Dec. 45, 49, 559 N.E.2d 45, 49 (1990); U.S. Fidelity & Guaranty Co. v. Millers Mutual Fire Ins. Co., 396 F.2d 569, 572 (8th Cir.1968) (applying Illinois law), though none of the parties to the present suits argues that the malpractice policy that Old Republic issued to Chuhak & Tecson did.)
 
 
 10
 The policy does not exclude claims arising out of legal services filed before an additional insured joined the firm. Nor is there any indication that Josephson had tail coverage from the liability insurer of his old firm. Old Republic never has explained why it suspected that Josephson may not have been working for Chuhak & Tecson when he was representing Kearns after joining the firm. Nothing is more common nowadays than for a lawyer to leave one firm for another, carrying his clients from his old firm to the new. Indeed, a lawyer who comes to a new firm without any clients is a much less attractive commodity. Chuhak & Tecson might not have hired Josephson as a partner unless he brought his clients with him.
 
 
 11
 Against this it can be argued--it is the basis of Old Republic's conditional cross-appeal--that the insurer should be entitled to engage in pretrial discovery to learn the details of Josephson's relationship with Chuhak & Tecson. Maybe Josephson was permitted to retain Kearns as his "private" client, rather than as a firm client. The question could be resolved definitively by pretrial discovery. But this would put Josephson in the awkward position of having to retain counsel to defend himself, in what might be protracted fact-intensive litigation, against the very insurer to whom he is looking to pick up the tab for his defense against Kearns. Instead of litigating one suit at Old Republic's expense he would be litigating two suits at his own expense. The insurer can without liability put the insured into this uncomfortable position if it has a strong reason to believe, prior to conducting pretrial discovery, that the insured really isn't insured against the particular claim whose defense he's tendered to the insurer. The insurer must be allowed to show that the so-called insured is a stranger to the policy, 1 Allan D. Windt, Insurance Claims & Disputes: Representation of Insurance Companies and Insureds para. 4.05 (3d ed.1995), and this will sometimes require discovery to obtain necessary evidence. But no one reading Kearns's complaint would so doubt that Josephson had represented Kearns in the course of Josephson's employment by Chuhak & Tecson as to be justified in putting Josephson and the law firm to the expense of responding to requests for discovery.
 
 
 12
 A further reason not to permit discovery and hence not to go behind the complaint to find out whether Josephson is really covered by Old Republic's policy is that discovery might well undermine possible defenses by Josephson and by the other partners of Chuhak & Tecson against Kearns's suit for malpractice. True, Kearns's complaint does not name the law firm or its members as defendants. That may be why Kearns's lawyer wants to establish Old Republic's coverage badly enough to join in this litigation, as he is, however, authorized to do. But we cannot think of any reason for Kearns's having alleged in his new suit that Josephson was acting within the scope of his employment by Chuhak & Tecson unless he wants, perhaps by an amendment to the complaint (he amended his complaint in the earlier suit three times before dropping it), or by postjudgment collection proceedings, to go against Chuhak & Tecson or its partners as well as Josephson. Chuhak & Tecson is a professional corporation, and under Illinois law the liability of a professional corporation for the conduct of its agents is governed by the principles applicable to ordinary corporations rather than by partnership principles. 805 ILCS 10/8. Professional corporations engaged in the practice of law, however, must provide in their articles of incorporation that their partners (technically, "shareholders or members") shall be jointly and severally liable for acts or omissions of other shareholders or members "arising out of the performance of professional services by the corporation." Ill. S.Ct. R. 721(d); see 805 ILCS 10/16.
 
 
 13
 Whether Kearns, if he develops any doubts about Old Republic's coverage, goes after the law firm itself under the doctrine of respondeat superior, or its partners under Rule 721(d), in order to be sure of being able to collect any judgment he obtains (Chuhak & Tecson appears to be a substantial firm, with, at last count, 37 lawyers), he will have to prove that Josephson was acting within the scope of his employment by the firm when he committed the alleged malpractice. If Kearns proceeds in this fashion and doubts persists regarding Old Republic's duty to indemnify Chuhak & Tecson or its members (a duty that, remember, is narrower than the duty to defend), the firm may wish to defend against Kearns's suit by trying to prove that Josephson was not acting within the scope of his employment when he dropped the ball in 1990. This defense might be shipwrecked if the pretrial discovery that the insurer wanted to conduct turned up evidence that Josephson had indeed been acting within the scope of his employment by the firm.
 
 
 14
 This analysis confirms the good sense of the general rule that the insurer's declaratory judgment suit is not a proper vehicle for resolving factual issues in the underlying suit against the insured. 2 Windt, supra, para. 8.04. That rule implies, a fortiori, strict limits on the scope of pretrial discovery in such suits.
 
 
 15
 Judge Shadur was correct to think Old Republic's second declaratory judgment suit even weaker than the first. Kearns's 1995 suit explicitly alleged that Josephson had committed malpractice within the scope of his employment--no other meaning can be assigned to the allegation that Josephson "committed the acts or omissions described in this complaint as an agent and/or employee of the firm of Chuhak & Tecson." The allegation was merely implicit in the 1991 suit. But so what? All that is necessary to trigger the duty to defend is that the claim be within the arguable scope of the insurance policy, which the first claim was once it became clear that a four-year rather than a two-year statute of limitations was applicable to Kearns's tort claim.
 
 
 16
 Old Republic makes the further contention that Josephson's representation of Kearns falls within an exclusion in the policy for claims arising out of the conduct of any "organization"--other than the insured firm itself--of which the additional insured is an owner, partner, manager, or employee, or which he controls. Kearns had another lawyer besides Josephson, and the two lawyers agreed to divide any fees that might result from their representation of Kearns in his tort claim against his injurer. Old Republic argues that the fee-splitting arrangement created an "organization," consisting of the two lawyers, which, since Josephson was a member, fell within the exclusion. If this were what the policy meant, it would exclude coverage of Kearns's claim even if Kearns were an old Chuhak client whom the firm had assigned to Josephson, at the same time agreeing to split fees with Kearns's other lawyer. The consequence of the interpretation urged by Old Republic would be a huge gap in Chuhak's insurance coverage, with no basis in the customs or economics of liability insurance that has been suggested or that we can think of.
 
 
 17
 Although the second suit brought by Old Republic (notice how Kearns's tort claim has spawned four separate lawsuits--the fertility of the American legal system is certainly remarkable) was weaker than the first, we do not think that Judge Shadur acted reasonably in punishing Old Republic for having sued in bad faith. At the time the suit was filed, Judge Norgle had just held that Old Republic had no duty to defend Josephson because Josephson had failed to establish that he was acting within the scope of his employment by Chuhak & Tecson when he committed the alleged malpractice. Kearns's new suit did not establish--it merely alleged--that Josephson had been acting within the scope of that employment, so if, as Old Republic hoped, its second suit was assigned to Judge Norgle, it could expect to prevail once again. So similar are the two cases that, despite Judge Shadur's emphatic disclaimers, the award of sanctions against Old Republic for relying on Judge Norgle's decision came perilously close to pronouncing Judge Norgle's decision sanctionable. Although decisions by district judges do not have the force of precedent, Mueller v. Reich, 54 F.3d 438, 441 (7th Cir.1995); Anderson v. Romero, 72 F.3d 518, 525 (7th Cir.1995), a plaintiff who sues in reliance on an unreversed district judge's decision in a closely related and in fact nearly identical case will rarely be open to an accusation of having acted in bad faith, or, more precisely, since Illinois law defines the bad faith of an insurance company in litigating with its insured, as having been "vexatious and unreasonable." 215 ILCS 5/155(1). Old Republic's argument for the "organization" exclusion was frivolous (and not endorsed by Judge Norgle), but was not the basis for the sanctions award and is too short a tail to wag this litigation, which we hereby declare at an end.
 
 
 18
 The judgment in favor of Old Republic is reversed and the judgment against it affirmed. Old Republic's conditional cross-appeal is dismissed as moot. The order awarding sanctions is reversed. Costs in this court will be awarded to the defendants.
 
 
 19
 SO ORDERED.