1999 ND 133

**MIDWEST CASUALTY INSURANCE COMPANY, Plaintiff, Appellant and Cross–Appellee,**

v.

**Dorothy WHITETAIL, Defendant,**

**Theresa Anderson, Defendant, Appellee and Cross–Appellant,**

and

**Quentin Bruce Whiteman, Defendant.**

**No. 990038.**

Supreme Court of North Dakota.

July 13, 1999.

Jerome C. Kettleson, Pearce & Durick, Bismarck, for plaintiff, appellant and cross-appellee.

Peter K. Halbach, Haugland, Halbach and Halbach, Devils Lake, for defendant, appellee and cross-appellant.

VANDE WALLE, Chief Justice.

[¶ 1] Midwest Casualty Insurance Company (Midwest) appealed from a summary judgment declaring Midwest has a duty to defend and potentially indemnify Dorothy Whitetail and Quentin Bruce Whiteman in an action for damages brought against them by Theresa Anderson. We hold the trial court erred in refusing to determine the material question of fact whether Whiteman had permission to operate Whitetail's vehicle. We, therefore, reverse and remand for an evidentiary hearing on that issue and a determination of policy coverage and Midwest's duty to defend.

## I

[¶ 2] Whiteman is Whitetail's adult son. On February 1, 1993, Whiteman, while driving Whitetail's 1981 Chevrolet automobile, was involved in a one-car rollover accident. On the date of the accident, Whitetail carried liability insurance on the automobile with Midwest. Anderson, a passenger in the automobile, was seriously injured. She sued Whiteman, alleging his driving was "reckless, careless and negligent" and was the proximate cause of her injuries. She also sued Whitetail, alleging liability, under theories of negligent entrustment and the family car doctrine, for expressly or impliedly permitting her son to use the automobile.

[¶ 3] Midwest filed a declaratory judgment action under N.D.C.C. ch. 32–23, for a declaration Whitetail's insurance policy "does not provide coverage for the claim made against ... Whiteman." It named Whitetail, Whiteman and Anderson as defendants in the declaratory judgment action. Midwest later filed a motion requesting summary judgment "against all defendants" on the ground Whiteman is not a named insured under the policy. Anderson also filed a motion for summary judgment, asking the court to declare that the automobile liability policy does provide coverage for Whitetail and Whiteman.

[¶ 4] The trial court construed the insurance policy as providing coverage only if Whitetail had given permission for Whiteman to drive her automobile on the day of the accident. The court concluded this issue of permissive use constituted a question of material fact. However, the court refused to decide the question in this declaratory judgment action. Instead, the court reasoned, "[i]f Anderson's allegations of permission are proven in the underlying action, Midwest is obligated to provide coverage." The court concluded Midwest has a duty to defend Whitetail and Whiteman in Anderson's underlying action, because there is potential coverage under the policy. The court ordered entry of a summary judgment declaring Midwest has a duty to defend and to potentially indemnify Whitetail and Whiteman in Anderson's underlying action. Midwest appealed and Anderson cross-appealed. Because it could dispose of Midwest's issue, we consider the cross-appeal first.

## II

[¶ 5] In her cross-appeal, Anderson contends any relative of Whitetail is an insured driver under the Midwest liability insurance policy, irrespective of whether the relative had permission to drive Whitetail's automobile. Anderson argues the trial court therefore erred in concluding the question of permissive use is a material fact question on the coverage issue. In deciding this issue we construe and apply Whitetail's policy. In *Close v. Ebertz,* 1998 ND 167, ¶ 12, 583 N.W.2d 794, we summarized the framework for construing an insurance policy:

> The interpretation of an insurance policy is a question of law, fully reviewable on appeal. This Court reviews the trial court's interpretation by independently construing and examining the insurance policy. We look first to the language of the insurance contract, and if the language is clear on its face, there is no room for construction. If coverage hinges on an undefined term, we apply the plain, ordinary meaning of the term in interpreting the contract. Although insurance policies are contracts of adhesion, and we will resolve ambiguities in favor of the insured when appropriate ... we will not strain the definition to provide coverage for the insured.

(Citations omitted.)

The relevant provisions of Whitetail's policy provide:

*LIABILITY COVERAGE*

> We will pay damages which any insured person is legally liable because of bodily injury and property damage arising out of the ownership, maintenance or use of your insured car.

> . . . .

*ADDITIONAL DEFINITIONS
USED IN THIS PART ONLY*

1) Insured person or insured persons means

(A) You.

(B) A relative or a resident using your insured car;

(C) Any other person using your insured car.

(D) Any other person or organization with respect only to legal liability for acts or omissions of:

(1) Any person covered under this part while using your insured car; or

(2) You using any car other than your insured car if the car is not owned or hired by that person or organization.

*However, no person shall be considered an insured person if the person uses your insured car without having your permission.*

(Emphasis added.) Under the policy, "no person" using Whitetail's car is insured if the use is without her permission. Anderson argues the exclusion clause only applies to persons otherwise deemed insured persons under subpart (D). We disagree. The disputed provision is in our view clear and unambiguous. It applies to all users of Whitetail's car. A contrary conclusion would be at best strained and would lead to an unreasonable result. *Sellie v. North Dakota Ins. Guar. Ass'n,* 494 N.W.2d 151 (N.D.1992) (holding term in insurance policy means what a reasonable person would think it meant).

[¶ 6] If the drafters intended the permissive use exclusion to apply only to persons under subpart (D) they easily could have written "no person under subpart (D)" shall be deemed an insured person if driving without the owner's permission. No such restricting language is included in the clause. Furthermore, the disputed clause is not located within or under subpart (D), but rather is extended under the paragraph heading, so as to indicate it relates to the entire paragraph. Applying the

disputed clause only to subpart (D) is not intuitively reasonable. Subpart (D) refers to liability of a "person or organization" who is not a driver but who is liable for the acts or omissions of someone who has driven the insured auto. The issue of permissive use obviously cannot apply to such "person or organization," who has neither driven nor used the insured vehicle. Likewise, the permissive use clause has no practical application to subpart (D)(2), which deals with the policy owner's use of a vehicle other than the insured vehicle.

[¶ 7] We conclude the permissive use clause unambiguously stands on its own and excludes coverage to any person driving the insured car without the owner's permission. Other courts have similarly construed comparable clauses as denying coverage to any person using an insured auto without the owner's permission. *See State Farm Mut. Auto. Ins. Co. v. Scheel,* 973 S.W.2d 560, 565 (Mo.App. W.D.1998); *see also State Farm Mut. Auto. Ins. Co. v. Kelly,* 132 Wis.2d 187, 389 N.W.2d 838, 840 (1986). Under Whitetail's policy with Midwest, "no person" is insured who drives the insured's auto without permission. Consequently, Whiteman was an insured person under the policy at the time of the accident only if he was driving the car with Whitetail's permission.

III

■ [¶ 8] The trial court determined the issue of whether Whiteman was driving with Whitetail's permission presented a material question of fact about which there was conflicting evidence. In support of their cross motions for summary judgment, the parties submitted affidavits showing conflicting statements were made by Whiteman and Whitetail about whether Whiteman was driving the car with Whitetail's permission on the day of the accident. Having determined this fact question of permissive use was both material and dispositive on the policy coverage issue, the trial court, nevertheless, refused to resolve it in this declaratory judgment action.

[¶ 9] Ordinarily, an insurer has a duty to defend an underlying action against its insured if the allegations in the complaint give rise to potential liability or a possibility of coverage under the insurance policy. *Nodak Mut. Ins. Co. v. Heim*, 1997 ND 36, ¶ 11, 559 N.W.2d 846. The trial court reasoned, if Anderson's allegation that Whiteman was driving with Whitetail's permission was assumed to be true, Midwest would have a duty to defend and to indemnify both Whiteman and Whitetail in Anderson's underlying tort action against them. The court, therefore, entered summary judgment requiring Midwest to defend Whiteman and Whitetail in Anderson's action.

[¶ 10] The purpose of summary judgment is to allow for the prompt disposition of a case on the merits, without a trial, if no material dispute of fact exists or if only a question of law is involved. *Landis v. CNA Ins.*, 1999 ND 35, ¶ 4, 589 N.W.2d 590. Where there are relevant unresolved factual issues, the granting of summary judgment is improper. *Mougey Farms v. Kaspari*, 1998 ND 118, ¶ 12, 579 N.W.2d 583.

[¶ 11] The trial court's decision leaves the dispositive fact issue in this declaratory judgment action unanswered. If Whiteman was driving without permission, he is not an insured under the policy and Midwest has neither a duty to defend nor to indemnity him in Anderson's underlying action. Whitetail's ultimate liability to Anderson is not the primary concern in this action. However, Anderson concedes in her appellate brief "... a finding of liability on Whitetail necessitates a finding that Whitetail gave Whiteman permission to use her car. The question of Whitetail's liability and Whiteman's coverage is inexorably intertwined." Consequently, while a finding Whiteman was driving without permission may also eliminate all or a part of Anderson's claims against Whitetail, for purposes of this action it absolves Midwest from any duty to defend or indemnify Whiteman under the policy.

[¶ 12] Section 32–23–09, N.D.C.C., requires the trial court to render a declaratory judgment to determine both coverage and duty to defend "whether or not the insured's liability has been determined." *Blackburn, Nickels & Smith v. National Farmers Union*, 452 N.W.2d 319, 323 (N.D.1990). When the question of coverage and duty to defend hinges upon a material fact question, N.D.C.C. § 32–23–09 authorizes and contemplates resolution of the disputed fact question in the declaratory judgment action:

> When a proceeding under this chapter involves the determination of an issue of fact, such issue may be tried and determined in the same manner as issues of fact are tried and determined in other civil actions in the court in which the proceeding is pending.

When a fact question must be resolved in a declaratory judgment action, all interested parties are protected under the terms of N.D.C.C. § 32–23–11:

> When declaratory relief is sought, all persons who have or claim any interest which would be affected by the declaration shall be made parties, and no declaration shall prejudice the rights of persons not parties to the proceeding.

All interested parties, including Anderson, are parties to this declaratory judgment action. They can, therefore, protect their interests in this action on the issue of whether Whiteman was driving with Whitetail's permission.

[¶ 13] The circumstances in this case are clearly distinguishable from the circumstances in *Midwest Medical Ins. Co. v. Doe*, 1999 ND 17, ¶ 12, 589 N.W.2d 581, wherein this Court held it was premature for the trial court to determine coverage issues in a declaratory judgment action brought by a medical malpractice insurer. In *Midwest Medical* a patient brought a medical malpractice action against her doctor, alleging he negligently prescribed the wrong medication for her, negligently failed to refer her to a psychiatrist, and

negligently handled the phenomenon of patient transference. The doctor's medical malpractice insurance carrier brought a declaratory judgment action requesting the court to declare the insurer had no obligation to indemnify the doctor for liability he might incur on the patient's claim for negligent transference. However, the insurer conceded it had a duty to defend the doctor and to indemnify him for any liability he might incur for negligently prescribing medication or negligently failing to refer the patient to a psychiatrist. Because the insurer in *Midwest Medical* had conceded a duty to defend and an obligation to indemnify its insured on some counts of alleged liability, we concluded the declaratory judgment action could not eliminate uncertainty or controversy in the underlying litigation and it was, therefore, premature for the trial court to provide the requested declaratory relief.

[¶ 14] In this case, Midwest does not concede any duty to defend or indemnify Whiteman in Anderson's tort action against him. Midwest claims if Whiteman was driving Whitetail's vehicle without permission, Whiteman is not an insured person and Midwest has no duty to defend or indemnify him in the underlying action. Consequently, a finding Whiteman was driving without permission would resolve in its entirety the policy coverage question and would absolve Midwest from any duty to defend or indemnify Whiteman in Anderson's action.

[¶ 15] In light of N.D.C.C. § 32–23–09 and under the circumstances of this case, we conclude the trial court erred in refusing to decide whether Whiteman was driving with Whitetail's permission and in not entering declaratory relief based upon resolution of that dispositive fact question.

The court therefore erred in granting summary judgment for Anderson. We reverse the summary judgment and remand for further proceedings to determine coverage and duty to defend under Midwest's policy.

## IV

[¶ 16] Anderson claims the trial court should have considered issues as to whether Midwest must provide the statutory minimum liability limits for both Whitetail and Whiteman and whether Anderson is entitled to basic no-fault benefits under Whitetail's liability policy with Midwest. The trial court refused to decide these issues, concluding they were premature, were not adequately briefed, and their resolution was partly dependent upon whether Whitetail was an insured driver under the policy.

[¶ 17] We agree with the trial court these issues are premature. They are not relevant to the question of Midwest's duty to defend and indemnify Whiteman under Whitetail's liability policy. This Court generally decides only issues which have been thoroughly briefed and argued with a ruling by the court below. *See, e.g., Roise v. Kurtz*, 1998 ND 228, ¶ 11, 587 N.W.2d 573.

[¶ 18] Reversed and remanded.

[¶ 19] SANDSTROM, KAPSNER, MARING, and NEUMANN, JJ., concur.