ACUITY, Plaintiff,

v.

NORTH CENTRAL VIDEO, LLLP, d/b/a Blockbuster Video, Dominic James Simnioniw, Lyle Edward Hilderman, and Heather Thomas, Defendant.

No. 1:05–cv–10.

United States District Court,
D. North Dakota,
Southwestern Division.

Dec. 7, 2006.

---

Randall Joseph Bakke, Smith Bakke Porsborg & Schweigert, Bismarck, ND, for Plaintiff.

Chris A. Edison, Storslee Law Firm, Michael Francis Daley, Wheeler Wolf Law Firm, Brenda A. Neubauer, Neubauer & Oster, William P. Zuger, Bismarck, ND, for Defendant.

### ORDER RE MOTION FOR RECONSIDERATION OF PROTECTIVE ORDER

MILLER, United States Magistrate Judge.

## I. Background

Defendant Heather Thomas initiated an action in state court seeking damages against the remaining defendants North Central Video, LLLP ["North Central Video"], Dominic James Simnioniw, and Lyle Edward Hilderman for a strip search conducted at her place of employment. In this action, Acuity, who is North Central Video's insurer, asks the court to declare that it owes no duty to defend or indemnify North Central Video. The parties consented to this matter being handled for all purposes by a magistrate judge.

The defendants sought a protective order prohibiting Acuity from deposing Thomas, Simnioniw, and Hilderman. The defendants argued that the depositions were unnecessary and duplicative given that the same persons had already been deposed in the state action. In particular, North Central Video argued that having to spend legal fees attending the depositions would, as a practical matter, deprive it of the defense it believes it is entitled to receive from Acuity. Defendant Thomas, who is the plaintiff in the underlying action and claiming post-traumatic stress following the strip search, also objected to a second deposition of herself stating it would unnecessarily cause her to again relive the traumatic events.

On October 11, 2006, the court entered a protective order prohibiting the depositions from proceeding as scheduled, but indicated that the issue could be revisited, if necessary, following the state-court trial during which the same witnesses may testify again. The ultimate conclusion of the court was that the defendants have an interest in not being unnecessarily burdened by discovery that is repetitive of that already undertaken in the state-court action and that Acuity had not made a sufficient showing of its need to repeat the discovery for purposes of this case.

 On October 20, 2006, plaintiff filed an appeal from the undersigned's decision to the district judge making reference to Local Rule 72.1(E)(3). However, neither this court's local rules nor the federal civil rules allow for such an appeal when consent has been given for all purposes to the handling of a civil action by a magistrate judge. *See* Fed.R.Civ.P. 73(a)-(c); N.D. Fed. Dist. Ct. R. 72.1(E)(3) (appeal of a magistrate judge's order on a non-dispositive matter permitted only when consent has not been given to magistrate disposition). This is because, once consent has been given for a full referral under 28 U.S.C. § 636(c), the magistrate judge assumes the powers of the district judge with authority to rule on "any or all proceedings" and the district judge's supervisory authority is limited to consideration of

motions to vacate the referral. *See, e.g., Roell v. Withrow,* 538 U.S. 580, 585, 123 S.Ct. 1696, 155 L.Ed.2d 775 (2003); *Moses III v. Sterling Commerce (America), Inc.,* 122 Fed.Appx. 177, 2005 WL 11684 *3–4 (6th Cir.2005); *D.L. Auld Company v. Chroma Graphics Corp.,* 753 F.2d 1029, 1032 (Fed.Cir.1985). Consequently, the path for review is to the federal court of appeals following the same process for obtaining review of an order by the district judge. *See LeGear v. Thalacker,* 46 F.3d 36, 37 (8th Cir.1995); *Henry v. Tri–Services, Inc.,* 33 F.3d 931, 933 (8th Cir.1994).

In its reply brief, Acuity requests, in the alternative, that its appeal be treated as a motion for reconsideration. This request is granted, and what follows is the court's decision upon reconsideration.

## II. Discussion

■ The primary thrust of Acuity's motion for reconsideration is that North Dakota law permits consideration of matters extrinsic to the pleadings of the underlying action in deciding the duty to defend issue in a declaratory action and cites to *Ohio Casualty Ins. Co. v. Clark,* 1998 ND 153, 583 N.W.2d 377 (1998) as authority for this proposition. Acuity argues that, as a consequence, the court erred in issuing the protective order.

The defendants disagree. They argue that North Dakota law requires that the court primarily confine itself to the pleadings and the insurance policy in deciding the duty to defend, except in special circumstances, and that a declaratory action is not a proper forum for litigating disputed facts that are also material to the underlying action. In particular, the defendants state that the North Dakota Supreme Court's decision in *Ohio Casualty* is not inapposite because the only extrinsic matter considered in that case was the existence of a criminal conviction, which

was undisputed. The defendants argue that, as a consequence, the protective order was warranted.

After careful consideration, it appears that, while Acuity may be more correct in terms of its assessment of North Dakota law, both parties (and the court initially) failed to focus upon the fact that federal law, more so than state law, governs the scope and timing of what is decided in this action relative to the underlying state tort action. Nevertheless, regardless of what law applies and even assuming no limits on the scope of this proceeding, imposition of some limit on discovery is warranted when it appears it is repetitive of that already been undertaken in the underlying action and the party seeking to engage in the discovery has not provided sufficient reason for why it needs to repeat it. To explain these points and clear up any confusion created by the court's prior order, some additional discussion may be helpful, particularly to make clear what is being decided and what it is not.

The almost universal rule in declaratory actions is that the determination of an insurer's duty to defend should be made, if at all possible, by comparing the terms of the policy to the allegations of the complaint in the underlying proceeding. *See generally* 14 *Couch on Insurance* § 200:20 (3d ed.1999) [*"Couch on Insurance"*]. Beyond that, there is a divergence of opinion among state courts regarding what, if anything, should be considered outside the pleadings in adjudicating the duty-to-defend issue prior to the trial of the underlying action. Some courts are of the view that the determination should be made based upon the pleadings and the policy alone, while other courts impose virtually no restrictions. A. Windt, 2 *Insurance Claims and Disputes* § 8:4 (4th ed.) (*"Insurance Claims and Disputes"*); *see also Couch on Insurance* §§ 200:20–200:22 &

232:67. It appears that the majority of courts, however, take an intermediate position in that they permit consideration of matters extrinsic to the pleadings, but restrict the consideration to facts that are not substantially in dispute and also, in some jurisdictions, to issues that do not involve disputed facts that are material to the underlying proceeding. *Old Republic Ins. Co. v. Chuhak & Tecson, P.C.,* 84 F.3d 998, 1001–03 (7th Cir.1996); *North Pacific Ins. Co. v. Wilson's Distributing Service, Inc.,* 138 Or.App. 166, 908 P.2d 827, 831–832 (1995); *Montrose Chemical Corp. v. Superior Court,* 6 Cal.4th 287, 24 Cal. Rptr.2d 467, 861 P.2d 1153 (1993) (*en banc*); *Insurance Claims and Disputes* § 8:4; *see generally Couch on Insurance* §§ 200:20–200:22 & 232:67; 22A Am. Jur.2d *Declaratory Judgments* §§ 137–138.

Courts have offered a number of reasons for imposing some limitation upon what is adjudicated in the declaratory action relative to disputed issues in the underlying proceeding. *See generally Insurance Claims and Disputes* § 8:4. For example, courts have expressed the belief that plaintiffs in the underlying actions are entitled to have issues material to their claims decided in the underlying action and not "pre-empted" by the declaratory action, both in terms of timing and choice of forum. *Metropolitan Property and Liability Ins. Co. v. Kirkwood,* 729 F.2d 61, 62–63 (1st Cir.1984) (reciting reasons for the general rule but applying an exception in that case); *Brohawn v. Transamerica Ins. Co.,* 276 Md. 396, 347 A.2d 842, 849–850 (1975); *Employers' Fire Ins. Co. v. Beals,* 103 R.I. 623, 240 A.2d 397, 401–401 (1968); *see id.* In some cases, courts have expressed concerns about the potential for conflicts of interest between the insurer and the insured in relation to certain kinds of coverage issues when issues material to the underlying action are adjudicated in the declaratory proceeding. *See, e.g., Aetna Cas. & Sur. Co. v. Kelly,* 889 F.Supp. 535, 541–542 (D.R.I.1995); *North Pacific Ins. Co. v. Wilson's Distributing Service, Inc.,* 908 P.2d at 832; *see generally Insurance Claims and Disputes* § 8:4.

Still another concern, and perhaps the primary one, is the burden that is imposed upon the parties and the judicial system in permitting resolution in the declaratory proceeding of disputed facts material to the underlying action. *See generally Insurance Claims and Disputes* § 8:4. More particularly, the concern expressed for insureds is the burden of their having to retain counsel and spend significant sums in defending an expansive declaratory action because, as a practical matter, this can work to essentially deprive an insured of the benefit of the insurer's obligation to provide a defense. *See Old Republic Ins. Co.,* 84 F.3d at 1001; *Montrose Chemical Corp.,* 24 Cal.Rptr.2d 467, 861 P.2d at 1157.[1] With respect to plaintiffs, who may be victims, there is a perceived unfairness in their having to undergo the burdens of two proceedings in order to make a recovery, which is the case if matters material to the underlying action are to be decided in the declaratory action, but the declaratory action does not resolve all issues material to their claims. *Brohawn*

---

1. The California Supreme Court observed the following in *Montrose Chemical Corp.* with respect to importance of the insurer's defense obligation to the insured:

The insured's desire to secure the right to call on the insurer's superior resources for the defense of third party claims is, in all likelihood, typically as significant a motive for the purchase of insurance as is the wish to obtain indemnity for possible liability. As a consequence, California courts have been consistently solicitous of insured's expectations on this score.

861 P.2d at 1157.

*v. Transamerica Ins. Co.*, 276 Md. 396, 347 A.2d 842, 849–850 (1975); *see Insurance Claims and Disputes* § 8:3. Finally, there is burden on the judicial system of having two full-blown proceedings directed to overlapping issues.[2] *E.g., Metropolitan Property and Liability Ins. Co. v. Kirkwood*, 729 F.2d at 62–63; *Aetna Cas. & Sur. Co. v. Kelly*, 889 F.Supp. at 540–541. And, while insurers are also burdened by having to defend claims for which ultimately there is no liability, at least they are in the business of dealing with these risks and can protect themselves by pricing into what they charge for defense coverage their past experience in having to defend against such claims.

In terms of what the primary view may mean for separate fact development and pretrial discovery in the declaratory action, Judge Posner of the Seventh Circuit in *Old Republic Ins. Co., supra*, observed that the "general rule that the insurer's declaratory judgment suit is not a proper vehicle for resolving factual issues in the underlying suit against the insured .... implies, a fortiori, strict limits on the scope of pretrial discovery in such suits." *Old Republic Ins. Co.*, 84 F.3d at 1003; *see also Haskel, Inc. v. Superior Court*, 33 Cal.App.4th 963, 39 Cal.Rptr.2d 520, 528–530 (1995) (court should scrutinize the necessity of discovery in declaratory action as to issues material to the underlying proceeding).

Where North Dakota state law falls in all of this is not entirely clear, but Acuity may be correct that there are few, if any, limits upon what may be decided in the declaratory action relative to the underlying proceeding. On the one hand, the North Dakota Supreme Court continues to state that the duty to defend should be resolved primarily by comparing what is pled in the complaint to the provisions of the insurance policy. Also, it has continued to emphasize that the duty to defend exists if there is a "potential" for liability and the "possibility" of coverage with respect to even one claim, with all doubts to be resolved against the insurer. *E.g., Farmers Union Mut. Ins. Co. v. Decker*, 2005 ND 173, ¶ 14, 704 N.W.2d 857 (2005); *Nodak Mut. Ins. Co. v. Heim*, 1997 ND 36, ¶ 11, 559 N.W.2d 846 (1997). Arguably, these are forward-looking concepts that, to a degree, are inconsistent with conducting full-blown determinations of disputed facts in the declaratory proceeding that are material to claims in the underlying action, at least according to the majority view. *See generally Insurance Claims and Disputes* §§ 4.2 & 8.4.

On the other hand, the North Dakota Supreme Court held in *Midwest Casualty Ins. Co. v. Whitetail*, 1999 ND 133, 596 N.W.2d 341 (1999), that a district court erred when it failed to conduct an evidentiary hearing in a declaratory proceeding to determine whether a defendant driver was a "permissive user," even though the supreme court believed the issue was also material to the liability of the co-defendant automobile owner in the underlying action. Whether this latter case means that full-

---

**2.** The concern here is not the fact there must be two proceedings, since two proceedings are often required given the differing issues that must be resolved in the declaratory action, but rather the scope of the declaratory proceeding and the timing of the resolution of the issues in that case relative to the underlying proceeding. There may be occasions, however, when all of the parties agree that it makes sense to resolve the coverage issues first, even if it means adjudicating some disputed facts in the declaratory action that overlap with the underlying action. For example, a plaintiff may not want to fully litigate the underlying action if it turns out the defendants are judgment proof and the end result is an uncollectible judgment and the other parties may also agree that an earlier determination of disputed facts in the declaratory action is preferable.

blown trials (including jury trials when requested)[3] must be conducted in *all* North Dakota state-court declaratory proceedings when there are disputed facts relevant to a claim being made by a plaintiff in an underlying action remains to be seen. The court's expressed rationale for its decision, however, suggests this may be the case. 1999 ND 133, ¶¶ 11–12, 596 N.W.2d 341.[4]

▮▮▮▮ In its prior order, the court noted that, since this is a diversity action, state law controls with respect to substantive matters. *See, e.g., Bockelman v. MCI Worldcom*, 403 F.3d 528, 530 (8th Cir. 2005). This statement was correct insofar at it went. For example, state law defines when an insurer has a duty to defend; likewise, the same is true with respect to the interpretation of the insurance policy with respect to the coverage issues. *See, e.g., Travelers Property Cas. Co. of America v. General Cas. Ins. Companies*, 465 F.3d 900 (8th Cir.2006). What the court failed to emphasize in its earlier order, however, is that questions as to what should be decided in a federal declaratory action, and in what sequence relative to an underlying state tort action, are issues of procedure that are governed by 28 U.S.C. § 2201 and Fed.R.Civ.P. 57 and not by state law. *See Wilton v. Seven Falls Co.*, 515 U.S. 277, 286–288, 115 S.Ct. 2137, 132 L.Ed.2d 214 (1995); *see generally* Charles

---

**3.** The court in *Midwest Casualty* did not indicate whether the evidentiary proceeding had to be a jury trial, but one is probably required under North Dakota law if demanded in the declaratory action. *See* N.D. Const. Art. I, § 13 (constitutional right to a jury trial); N.D.C.C. § 32–23–09 (stating that issues of fact in declaratory proceedings are to be determined in the same manner as in other civil actions); *see generally Couch on Insurance* § 232:49.

**4.** The trial court in *Midwest Casualty* had concluded there was a duty to defend because of a potential for liability and the possibility of coverage for at least one claim based upon a review of the pleadings in the underlying action and the insurance policy, but acknowledged there might be no liability ultimately depending upon how the disputed facts relative to the "permissive user" issue were later resolved. The North Dakota Supreme Court reversed and remanded for an evidentiary hearing on the "permissive user" question even though it believed that resolution of the issue would affect the plaintiff's claim against the co-defendant driver. The court construed N.D.C.C. §§ 32–23–06 and 32–23–09, which are part of the North Dakota's statutory law governing declaratory judgment actions, as requiring this result, which appears to be an expansive reading of the statutes. Section 32–23–09 provides only that, *if* there are facts to be determined in the declaratory proceeding, it should be done as in other civil proceedings. And, the mandatory-sounding language of § 32–23–06 could have been read as applying only to the duty to defend and not dictating *what* a court must consider in deciding the "potential" for liability.

In its motion for reconsideration, Acuity cited to *Ohio Casualty. Ins. Co. v. Clark*, 1998 ND 153, 583 N.W.2d 377 (1998). In *Ohio Casualty*, the district court declared there was no coverage under a homeowner's policy for an insured, who shot another, because of an "intentional acts" exclusion. On appeal, the insured argued that the trial court had erred in looking beyond the complaint, which merely pled a negligent shooting, to consider the insured's manslaughter conviction. The North Dakota Supreme Court affirmed holding that the district court had properly considered the fact of conviction, which was extrinsic to the complaint. However, unlike in *Midwest Casualty*, this was not a disputed fact.

What might also affect the calculus in terms of North Dakota law in this area is the fact that insureds and plaintiffs, when named as defendants in declaratory proceedings, are entitled to recover attorney fees and other defense costs if they prevail in the declaratory action. *See Western Nat. Mut. Ins. Co. v. University of North Dakota*, 2002 ND 63, ¶¶ 48–52, 643 N.W.2d 4 (2002); *State Farm Fire & Cas. Co. v. Sigman*, 508 N.W.2d 323, 325–327 (N.D.1993). To a degree, this may help to mitigate some of the burdens of overlapping dual-proceedings.

A. Wright, Arthur R. Miller, & Mary Kay Kane *Federal Practice and Procedure: Civil 3d* § 2756 (1998).

 In particular, despite what may be the law in North Dakota with respect to an entitlement to a resolution of the duty to defend and coverage issues in a declaratory action, federal courts are not obligated to provide declaratory relief in all instances. *See id.* There are prudential considerations of federalism, comity, and efficiency that govern a federal court's handling of a declaratory action that may be different from state law requirements. *See, e.g., Scottsdale Ins. Co. v. Detco Industries, Inc.,* 426 F.3d 994, 997–1000 (8th Cir.2005); *Penn–America Ins. Co. v. Coffey,* 368 F.3d 409, 412–413 (4th Cir.2004). For example, the Eighth Circuit has held there are at least six factors a court should consider in handling of a federal declaratory proceeding when there is a pending state-court action, even when parties are not identical, these being:

> (1) whether the declaratory judgment sought will serve a useful purpose in clarifying and settling the legal relations in issue; (2) whether the declaratory judgment will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the federal proceeding; (3) the strength of the state's interest in having the issues raised in the federal declaratory judgment action decided in state courts; (4) whether the issues raised in the federal action can more efficiently be resolved in the court in which the state action in [sic] pending; (5) whether permitting the federal action to go forward would result in unnecessary entanglement between the federal and state court systems, because of the presence of overlapping issues of fact or law; and (6) whether the declaratory judgment action is being used merely as a device for

procedural fencing-that is, to provide another forum in a race for res judicata or to achieve a federal hearing in a case otherwise not removable.

*Continental Cas. Co. v. Advance Terrazzo & Tile Co., Inc.,* 462 F.3d 1002, 1006 (8th Cir.2006). But, this is not to say, however, that state law and policies need to be ignored, and they may be one of the factors that the federal court considers. *See Nationwide Ins. v. Zavalis,* 52 F.3d 689, 692–697 (7th Cir.1995). Finally, in applying factors similar to those set forth above, a number of federal courts have expressed a reluctance for deciding in a declaratory action disputed facts that are material to resolution of the underlying state-court action. *See, e.g., Penn–America Ins. Co. v. Coffey,* 368 F.3d at 413–14 (holding that declaratory action should proceed, but only after determining the district court would not have to become entangled in the state-court action by resolving disputed facts material to that action); *Nationwide Ins. v. Zavalis,* 52 F.3d at 692–697 (same); *State Farm Fire & Casualty Co. v. Mhoon,* 31 F.3d 979, 983 (10th Cir.1994) (same); *Aetna Cas. & Sur. Co. v. Kelly,* 889 F.Supp. at 540–543.

The court does not have to resolve now, however, whether there are any limits upon what should be decided in this action relative to the state-court proceeding and whether any such limits would be reason to limit the scope of discovery. Rather, all of the concerns previously expressed by courts for not wanting to impose the burdens of a second full-blown proceeding on the parties to the underlying action, at least not unnecessarily, are still valid in considering the scope of discovery even if there are no limits on the scope of the declaratory proceeding.

It is in this context that the court denies reconsideration. The persons whom Acuity seeks to depose have all been deposed

in the underlying action. In granting the protective order, the court is not saying that insurance carriers are not entitled to discovery in the declaratory action, nor is the court saying that they must always rely upon the fact development and discovery in the state-court proceeding. Rather, in balancing the interests of the parties, the court is simply requiring that a party, who is seeking to repeat discovery already undertaken in the state-court action and who is faced with an objection that the repeated discovery is burdensome, must indicate with some specificity the issues that are in need of further discovery and why the discovery undertaken to date is not sufficient as to those issues. This Acuity has not done to the court's satisfaction.

In particular, the court finds insufficient the explanations that the depositions need to be taken because the parties might make admissions and that Acuity might be able to demonstrate there are no facts in dispute, without providing any specificity as to the fact issues of concern or why the depositions that have already been taken are not sufficient. Also, Acuity's argument that the depositions will not take more than two days does not suggest any limitations on the scope of the depositions.[5]

---

5. In addition to the obvious costs of attorney's and court reporter's fees, there are also the indirect costs of the time spent, the inconvenience, and the possible lost income. While these costs may be minimal for Acuity, they are not for the insured and the plaintiff in the underlying action. Further, the court is also sensitive to the plaintiff's concern of having to undergo a second deposition given the nature of her claims and her traumatic experience.