2000 ND 209

**Andrew P. SCHULTZE, DDS,
Plaintiff and Appellant,**

v.

**CONTINENTAL INSURANCE
COMPANY, Defendant
and Appellee.**

**No. 20000135.**

Supreme Court of North Dakota.

Dec. 7, 2000.

Susan Schmidt (argued) & William C. Severin, Severin, Ringsak & Morrow, Bismarck, ND, for plaintiff and appellant.

Adele Hedley Page (argued) & Cheryl L. Eia, Dorsey & Whitney, Fargo, ND, for defendant and appellee.

SANDSTROM, Justice.

[¶ 1] Andrew Schultze appealed a summary judgment declaring his insurer, Continental Casualty Company, had no duty to defend him against a former employee's lawsuit for alleged sexual discrimination, wrongful discharge, and defamation. We conclude Continental has a duty to defend Schultze against the former employee's defamation claim. We conclude Continental ordinarily would have no duty to defend Schultze against the sexual discrimination and wrongful discharge claims because, under the former employee's complaint, those claims are based on allegations of sexual harassment and unwelcome sexual advances that began before the "prior acts date" of Continental's insurance policy. Because Continental has a duty to defend the defamation claim, however, we hold it has a duty to defend the entire lawsuit against Schultze. We reverse the summary judgment and remand for proceedings consistent with this opinion.

I

[¶ 2] Schultze carried a professional liability insurance policy with Continental, which included an "employment practices liability defense coverage amendatory endorsement." The endorsement said it "provides coverage only for certain defense costs [and] no coverage ... for awards, judgments, settlements or other monetary sums related to [wrongful employment practices] claims." The endorsement required Continental to provide Schultze up to $25,000 of defense costs, subject to co-payments, against claims alleging a "wrongful employment practice" that "beg[a]n on or after the prior acts date" of January 23, 1998. The endorsement defined "wrongful employment practice" to include discrimination, sexual harassment, wrongful termination, defamation, retaliation, and any other violation of any federal, state, or local statute or ordinance relating to those types of claims.

[¶ 3] On November 15, 1999, a former employee sued Schultze for sexual discrimination, wrongful discharge, and defamation. The employee's complaint alleged she worked for Schultze as a dental hygienist from November 1989 until November 17, 1998, when he fired her. The employee's complaint alleged Schultze made unwanted sexual advances to her from December 1993 until November 1996, and she involuntarily engaged in a sexual relationship with him out of fear of retaliation. She alleged she tried to end the sexual relationship, but each time Schultze retaliated against her, and she finally ended the relationship in November 1996. She alleged Schultze retaliated against her at work, and on November 17, 1998, he fired her and falsely accused her of embezzlement. She alleged Schultze made false statements to third persons, which prevented her from obtaining employment as a dental hygienist. Her complaint alleged Schultze "engaged in sexual discrimination against [her] in the nature of sexual harassment;" his "discharge of [her] was an unlawful employment practice ... in retaliation for [her] rejection of [his] unwelcome sexual advances;" and he "falsely and maliciously disseminated false statements about [her] to third persons such that [she] is not able to obtain employment in her chosen profession of dental hygienist."

[¶ 4] Continental refused to defend Schultze against his former employee's claims, concluding the wrongful employment practices alleged in her complaint began in 1993, before the "prior acts date" of January 23, 1998. Schultze brought this declaratory judgment action against Continental, seeking a declaration that it had a duty to defend and pay claim expenses against his former employee's wrongful employment practice claims. The district court granted Continental summary judgment, concluding all of Schultze's former employee's claims originated before the

prior acts date of January 23, 1998, and Continental therefore had no duty to defend him against those claims.

[¶ 5] The district court had jurisdiction under N.D. Const. art. VI, § 8, and N.D.C.C. §§ 32–23–01 and 27–05–06. Schultze's appeal is timely under N.D.R.App.P. 4(a). This Court has jurisdiction under N.D. Const. art. VI, §§ 2 and 6, and N.D.C.C. §§ 32–23–07 and 28–27–01.

## II

[¶ 6] We review this appeal under our standards for summary judgment, which is a procedural device for the prompt disposition of a case on the merits, without a trial, if no material dispute of fact exists, or if only a question of law is involved. *Midwest Cas. Ins. Co. v. Whitetail*, 1999 ND 133, ¶ 10, 596 N.W.2d 341. Summary judgment is improper if there are relevant, unresolved factual issues. *Id.*

## III

[¶ 7] Schultze argues the district court erred in deciding all three claims in his former employee's complaint were a continuation of the alleged affair between him and the employee. He argues it is not clear from her complaint which of the otherwise covered allegations stem from events that occurred after the prior acts date. He argues a reasonable interpretation of the complaint refers to new events potentially within the claims period, and any doubt or ambiguity in the complaint must be construed in his favor.

## A

[¶ 8] A liability insurer's obligation to defend its insured is ordinarily measured by the terms of the insurance policy and the pleading of the claimant who sues the insured. *Applegren v. Milbank Mut. Ins. Co.*, 268 N.W.2d 114, 116 (N.D.1978); *Kyllo v. Northland Chemical Co.*, 209 N.W.2d 629, 634 (N.D.1973). If the allegations of the claimant's complaint

could support recovery upon a risk covered under the insurer's policy, a liability insurer has a duty to defend its insured. *Applegren*, at 116; *Kyllo*, at 634. We have formulated the duty to defend to require a liability insurer to defend an underlying action against its insured if the allegations in the complaint give rise to potential liability or a possibility of coverage under the insurance policy. *Whitetail*, 1999 ND 133, ¶ 9, 596 N.W.2d 341; *Nodak Mut. Ins. Co. v. Heim*, 1997 ND 36, ¶ 11, 559 N.W.2d 846; *National Farmers Union Prop. and Cas. Co. v. Kovash*, 452 N.W.2d 307, 309 (N.D.1990). *See* 14 Lee R. Russ, *Couch on Insurance* § 200:12 (3d ed.1999). Although any doubt about an insurer's duty to defend is resolved in favor of the insured, *Heim*, at ¶ 11, courts do not operate in a vacuum, and an insurer has no duty to defend an action if there is no possibility of coverage under the policy. *Ohio Cas. Ins. v. Clark*, 1998 ND 153, ¶ 8, 583 N.W.2d 377.

## B

[¶ 9] Continental's employment practices liability endorsement unambiguously required Continental to defend Schultze against claims alleging a wrongful employment practice that began on or after the prior acts date of January 23, 1998. The endorsement specifically excluded coverage for any claim alleging a wrongful employment practice that began before January 23, 1998. Schultze's former employee's sexual discrimination claim alleges Schultze "engaged in discrimination against [her] in the nature of sexual harassment," and her wrongful discharge claim alleges her discharge "was an unlawful employment practice ... in retaliation for [her] rejection of [his] unwelcome sexual advances." The employee's complaint alleges Schultze made unwanted sexual advances from December 1993 to November 1996. Schultze argues it is not clear which allegations stem from the alleged terminated affair and which allegations may be connected to unrelated events occurring

after January 23, 1998. The employee's complaint alleged, after the employee terminated the affair in November 1996, Schultze retaliated against her for refusing his unwelcome sexual advances and fired her on November 17, 1998. Although Schultze fired the employee after the prior acts date, her complaint alleges conduct that was a continuation of events begun before January 23, 1998, culminating in the discharge on November 17, 1998. *Cf. Heim,* 1997 ND 36, ¶¶ 30–31, 559 N.W.2d 846 (allegations of inadvertent and negligent touching and intentional molestation represented a continuous pattern of inextricably linked intentional conduct).

[¶ 10] As alleged in the employee's complaint, her sexual discrimination and wrongful discharge claims identify conduct that, under the language of the insurance policy, began before the prior acts date. Continental's duty to defend is not triggered by speculation about additional facts. *See Kovash,* 452 N.W.2d at 309 (stating allegations in complaint controlling); *Applegren,* 268 N.W.2d at 118 (same); *Kyllo,* 209 N.W.2d at 634 (same). *See generally* 14 Lee R. Russ, *Couch on Insurance* § 200:20 (duty to defend is not triggered by mere speculation that additional facts or causes of action may be developed at a later time). Under North Dakota law, employment is presumed to be at will, and an employer may terminate an employee with or without cause. N.D.C.C. § 34–03–01; *Thompson v. Associated Potato Growers, Inc.,* 2000 ND 95, ¶ 8, 610 N.W.2d 53. Public policy exceptions to the at-will doctrine prohibit employers from engaging in discriminatory practices. *Jose v. Norwest Bank North Dakota, N.A.,* 1999 ND 175, ¶ 17, 599 N.W.2d 293. *See Fatland v. Quaker State Corp.,* 62 F.3d 1070, 1072 (8th Cir.1995) (applying North Dakota law). The sexual harassment and wrongful discharge claims alleged in the former employee's complaint represent a continuous pattern of conduct that began before the prior acts date. *See Heim,* 1997 ND 36, ¶¶ 30–31, 559 N.W.2d 846.

When Continental's insurance policy with Schultze is compared with the allegations in his former employee's complaint against him, we conclude the sexual discrimination and wrongful discharge claims began before the prior acts date and Continental ordinarily would not be required to defend Schultze against those claims.

C

[¶ 11] Schultze argues his former employee's complaint includes two different defamation claims with different sources, and both defamations could have occurred after the prior acts date of January 23, 1998.

[¶ 12] Under North Dakota law, every person has a right of protection from defamation. *Jose,* 1999 ND 175, ¶ 23, 599 N.W.2d 293. Defamation is classified as either libel or slander. N.D.C.C. § 14–02–02. Libel is "a false and unprivileged publication by writing ... which exposes any person to hatred, contempt, ridicule, or obloquy, or which causes the person to be shunned or avoided, or which has a tendency to injure the person in the person's occupation." N.D.C.C. § 14–02–03. Slander is "a false and unprivileged publication other than libel, which ... [c]harges any person with crime ... [or][t]ends directly to injure the person in respect to the person's office, profession, trade, or business, ... by imputing to the person general disqualifications in those respects which the office or other occupation peculiarly requires." N.D.C.C. § 14–02–04(1) and (3). Actionable defamation requires publication, which necessitates communication of the alleged defamatory matter to a third person. *See Emo v. Milbank Mut. Ins. Co.,* 183 N.W.2d 508, 512 (N.D.1971); *Rickbeil v. Grafton Deaconess Hosp.,* 74 N.D. 525, 533, 23 N.W.2d 247, 251 (1946).

[¶ 13] Although Schultze and his former employee may have had a prior relationship that began before the prior acts date, the employee's complaint alleges Schultze falsely accused her of embezzlement on November 17, 1998. Her complaint alleged Schultze "falsely and mali-

ciously disseminated false statements about [her] to third persons such that [she] is not able to obtain employment in her chosen profession of dental hygienist." We resolve any doubt about an insurer's duty to defend in favor of the insured. *Heim,* 1997 ND 36, ¶ 11, 559 N.W.2d 846. Viewed in that framework, we believe any defamatory statements by Schultze were allegedly published after the prior acts date and are distinct from, and not necessarily a continuation of, Schultze's unwanted sexual advances or sexual harassment. A jury could find defamation even if it found no sexual harassment. We conclude the defamation claim is within the terms of Continental's contractual duty to defend Schultze, and we hold Continental has a duty to defend Schultze against that claim.

## IV

[¶ 14] We have said, when several claims are made against an insured, the insurer has a duty to defend the entire lawsuit if there is potential liability or a possibility of coverage for one of the claims. *Heim,* 1997 ND 36, ¶ 11, 559 N.W.2d 846. We reverse the summary judgment declaring Continental has no duty to defend Schultze, and we remand for proceedings consistent with this opinion.

[¶ 15] VANDE WALLE, C.J., NEUMANN, MARING, KAPSNER, JJ., concur.