**ALD-176**                                                        **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-1349
_____

JEFFERY ALONZO SIMMS,
                                        Appellant

v.

Dr. HARRY FREEMAN, M.A. DR.;
ROBERTA DONNA BURNS;
DR..ROGERS; MAJOR CHAFFINS
_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civil No. 10-cv-00708)
District Judge:  Honorable Sue L. Robinson
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
April 28, 2011
Before:  SCIRICA, HARDIMAN AND VANASKIE, <u>Circuit</u> <u>Judges</u>

(Opinion filed: May 18, 2011)
_____

OPINION
_____

PER CURIAM

In August 2010, Jeffrey Alonzo Simms, a Delaware state prisoner, filed suit

against the defendants under 42 U.S.C. § 1983, alleging that they provided "false"

medical care and treatment in July 2002 and August 2004.  The District Court concluded

that Simms had failed to state a claim upon which relief could be granted because the complaint was barred by the applicable statute of limitations. The District Court dismissed the matter sua sponte under 28 U.S.C. §§ 1915A(b)(1) & 1915(e)(2)(B)(ii) and ruled that amendment would be futile. Simms filed a motion for reconsideration in which he said that he had presented violations of various federal and state statutes. He did not address the statute-of-limitations issue. The District Court denied his motion.

Simms appeals. We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over the dismissal of his claims. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). We review the denial of leave to amend for abuse of discretion. See Lum v. Bank of Am., 361 F.3d 217, 223 (3d Cir. 2004). Generally, our review of an order denying a motion for reconsideration also is for abuse of discretion, but to the extent the denial is based on the interpretation and application of a legal precept, our review is plenary. See Koshatka v. Philadelphia Newspapers, Inc., 762 F.2d 329, 333 (3d Cir. 1985).

On review, we will dismiss Simms's appeal pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) because it does not have an arguable basis in fact or law. See Neitzke v. Williams, 490 U.S. 319, 325 (1989). The District Court did not err in dismissing the complaint under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief can be granted because it was apparent from the face of the complaint that the claims were time-barred.

If the allegations, taken as true, show that relief is barred by the applicable statute

2

of limitations, a complaint is subject to dismissal for failure to state a claim. See Jones v. Bock, 549 U.S. 199, 215 (2007); see also, e.g., Bethel v. Jendoco Constr. Corp., 570 F.2d 1168, 1174 (3d Cir. 1978). The running of the statute of limitations is an affirmative defense. See Fed. R. Civ. P. 8(c). However, where that defense is obvious from the face of the complaint and no development of the record is necessary, a court may dismiss a time-barred complaint sua sponte under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. See, e.g., Fogle v. Pierson, 435 F.3d 1252, 1258 (10th Cir. 2006).

In this case, Simms's claims were subject to Delaware's two-year statute of limitations for personal injury actions. See Wilson v. Garcia, 471 U.S. 261, 275 (1985); Napier v. Thirty or More Unidentified Fed. Agents, Employees or Officers, 855 F.2d 1080, 1087 n.3 (3d Cir. 1988); see also 10 Del. C. § 8119. His cause of action accrued when he knew or should have known of the injury upon which his action is based. See Sameric Corp. of Delaware v. City of Philadelphia, 142 F.3d 582, 599 (3d Cir. 1998). In this case, Simms knew or should have known of any injury at the time of the two incidents of which he complains, more specifically, in July 2002 and August 2004. Because he filed his complaint more than two years later, in August 2010, his complaint was time-barred and subject to dismissal.

The District Court properly declined to grant reconsideration, as Simms presented no grounds for reconsideration. In addition, in light of the clear untimeliness of the claims (which Simms ignored in the motion for reconsideration that he filed), the District Court did not abuse its discretion in concluding that amendment was futile. For these

3

reasons, we will dismiss Simms's appeal pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).  We

also deny his "motion for reassessed records."