**MARLENE LOCKHART, Plaintiff**

**v.**

**TREASURE BAY VIRGIN ISLANDS CORP., GRAPETREE SHORES, INC. D/B/A DIVI CARINA BAY RESORT & CASINO, Defendants**

**LUZ SANTIAGO, Plaintiff**

**v.**

**TREASURE BAY VIRGIN ISLANDS CORP., GRAPETREE SHORES, INC. D/B/A DIVI CARINA BAY RESORT & CASINO, Defendants**

Case Nos. SX-07-CV-548, SX-07-CV-549

Superior Court of the Virgin Islands

Division of St. Croix

August 31, 2015

MOLLOY, *Judge of the Superior Court*

## MEMORANDUM OPINION

(August 31, 2015)

**THIS MATTER** comes before the Court on the Motion to Dismiss, or in the Alternative, To Stay Pending Arbitration filed by Defendant Treasure Bay Virgin Islands, Corp. (hereinafter "Treasure Bay") on October 8, 2014. Plaintiffs did not file a response.[1] For the reasons stated below, the Court will grant Treasure Bay's motion requesting a dismissal of these cases.

---

[1] Pursuant to Plaintiffs' requests, the Court granted Plaintiffs two extensions of time to respond to Treasure Bay's dismissal motion. *See* Orders dated November 12, 2014 and December 11, 2014.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The facts relevant to a disposition of the instant motion are largely not in dispute. Plaintiffs, Marlene Lockhart and Luz Santiago (collectively "Plaintiffs"), initiated these lawsuits on November 19, 2007, against Grapetree Shores, Inc. (hereinafter "GSI") alleging certain causes of action for being falsely accused of engaging in a scheme to cheat at the Divi Carina Bay Casino (hereinafter "the Casino").[2] The complaints allege that Plaintiffs were arrested on January 11, 2006, and charged with twenty-two counts of swindling and cheating in violation of 32 V.I.C. § 473.[3] Plaintiffs asserted causes of action for defamation per se, intentional infliction of emotional distress, negligent infliction of emotional distress, negligence, defamation by slander, defamation by libel, and punitive damages.

On April 6, 2010, GSI filed a motion to dismiss the complaints based on the fact that GSI does not own or operate the Casino — the location where the alleged incident occurred.[4] GSI attached the affidavit of Anton Kuipers, General Manager of the Casino, to demonstrate that the Casino is owned and operated by Treasure Bay and that GSI is not involved in the management or operation of Treasure Bay's facilities at the Casino. *See* Kuipers Aff. (Mar. 31, 2010) ¶¶ 1-5 attached as Exhibit A to GSI's Mot. to Dis. filed on Apr. 6, 2010. Plaintiffs filed an opposition to GSI's motion on April 13, 2010. Several days later, Plaintiffs filed a motion to amend the complaints on April 16, 2010, seeking to add Treasure Bay as a named defendant. The Court issued an order on September 2, 2014, granting Plaintiffs' motion to amend the complaints. In that same order, the Court also gave the parties sixty days to conduct limited discovery as to whether GSI was a proper party to these actions. Shortly thereafter, Plaintiffs filed a notice of voluntary dismissal requesting that the Court dismiss GSI from

---

[2] The Court consolidated these civil actions on September 2, 2014.

[3] Each complaint alleges that the incident giving rise to the filing of each respective complaint occurred on November 25, 2007. The amended complaint allege that the incident occurred on November 25, 2005. Both the initial complaints and the amended complaint alleges that Plaintiffs were arrested on January 11, 2006. It is clear that it is impossible that the facts giving rise to Plaintiffs' arrest occurred on November 25, 2007 — after the filing on the original complaints and after Plaintiffs were arrested. Thus, for purposes of this motion, the Court will consider the date of November 25, 2007 to be a typo and treat the date of November 25, 2005 as the date the alleged incident occurred.

[4] GSI filed a renewed motion to dismiss on November 5, 2014.

these consolidated cases. In an order dated December 11, 2014, the Court granted Plaintiffs' request dismissing GSI leaving Treasure Bay as the sole remaining defendant in these cases.

On October 8, 2014, Treasure Bay filed the instant motion arguing that Plaintiffs' amended complaint asserting claims against it are time barred and, in the alternative, the cases should be stayed pending arbitration. Despite the Court granting Plaintiffs multiple extensions to file a response to Treasure Bay's motion, to date, Plaintiffs have yet to respond.

## II. LEGAL STANDARD

Treasure Bay does not identify the rule that would govern its motion to dismiss. However, because Treasure Bay has filed a pre-answer dismissal motion asserting that the amended complaint should be dismissed based on a statute of limitations defense and that the amended complaint does not relate back to the original complaint, the Court will consider Treasure Bay's motion as a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.[5]

A defense based on a violation of a statute of limitations is an affirmative defense that is ordinarily asserted in an answer. *See* FED. R. CIV. P. 8(c)(1). However, "[i]f the allegations, taken as true, show that relief is barred by the applicable statute of limitations, a complaint is subject to dismissal for failure to state a claim" under Federal Rules of Civil Procedure 12(b)(6). *Simms v. Freeman*, 428 Fed. Appx. 119, 120 (3d Cir. 2011) (citing *Jones v. Bock*, 549 U.S. 199, 215, 127 S. Ct. 910, 166 L. Ed. 2d 798 (2007)). Under Rule 12(b)(6), the Court "must accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fleisher v. Standard Ins. Co.*, 679 F.3d 116, 120 (3d Cir. 2012) (internal citations omitted). In order to defeat a Rule 12(b)(6) motion, a plaintiffs "[f]actual allegations must be enough to raise a right to relief above the speculative level . . ." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). Although the Court is required to accept as true all factual allegations, "unsupported conclusions and

---

[5] Federal Rule 12(b)(6) applies to proceedings in the Superior Court pursuant to Superior Court Rule 7.

unwarranted inferences" are not entitled to the presumption of truthfulness. *Schuylkill Energy Res., Inc. v. Pa. Power & Light Co.*, 113 F.3d 405, 417 (3d Cir. 1997). In deciding a Rule 12(b)(6) motion to dismiss, the Court may consider "the allegations contained in the complaint, exhibits attached thereto, and matters of public record." *Beverly Enters., Inc. v. Trump*, 182 F.3d 183, 190 n.3 (3d Cir. 1999).

## III. DISCUSSION

■ The amended complaint asserts causes of action for defamation per se, intentional infliction of emotional distress, negligent infliction of emotional distress, negligence, defamation by slander, defamation by libel, and punitive damages.[6] These tort claims must be commenced within two years after the cause of action accrued. *See* 5 V.I.C. § 31(5)(A); *see also Jones v. L.S. Holdings, Inc.*, 2010 V.I. LEXIS 10 (V.I. Super. Ct. 2010) ("slander has a two-year statute of limitations."). A cause of action on a claim for defamation accrues upon the publication of the false statement to a third party. *See Atkinson v. McLaughlin*, 462 F. Supp.2d 1038, 1055-56 (D.N.D. 2006) (citing *Schultze v. Continental Ins. Co.*, 2000 ND 209, 619 N.W.2d 510, 514 (N.D. 2000)). Taking the most liberal reading of the amended complaint, Plaintiffs allege that Defendants caused Plaintiffs to be arrested in January 2006, based on allegations of engaging in a cheating scheme at the Casino on or about November 25, 2005. Am. Compl. ¶¶ 5-10. The amended complaint also alleges that on January 12, 2006, Channel TV2 broadcasted the cropped mug shots of Plaintiffs after their arrest and the Virgin Islands Daily News ran a newspaper article entitled *"Three Women Charged with Swindling Casino"* reporting Plaintiffs as the alleged perpetrators. It appears that the causes of action stem from Plaintiffs' arrests and the subsequent publications and broadcasting of the arrest in the local media. While the original complaints asserting claims against GSI were filed on November 19, 2007, the amended complaint asserting claims against Treasure Bay was not filed until April 16, 2010. Assuming, without deciding, Plaintiffs' causes of action accrued, at the latest, on January 12, 2006 — the date Plaintiffs' arrests were broadcasted over the local media — the claims filed against Treasure Bay were filed

---

[6] Although the complaint states a claim for punitive damages, a claim for punitive damages is not a recognized cause of action in the Virgin Islands. *Anthony v. FirstBank Virgin islands*, 58 V.I. 224, 227 n.4 (V.I. 2013).

approximately three years and five months after the filing of the original complaint and approximately four years and three months after the local media broadcasted news of Plaintiffs' arrests. Therefore, because Plaintiffs' claims against Treasure Bay asserted in the amended complaint were filed more than two years after their causes of action accrued, those claims are barred under 5 V.I.C. § 31(5)(A).

██ However, as Treasure Bay concedes, the running of the statute of limitations would be tolled if Plaintiffs' claims against Treasure Bay as alleged in the amended complaint would relate back to the filing of the original complaint. Amendments to pleadings in the Superior Court are governed by Rule 8 of the Rules of the Superior Court. *See Santiago v. Virgin Islands Hous. Auth.*, 57 V.I. 256, 275 (V.I. 2012). Rule 8 provides:

> The court may amend any process or pleading for any omission or defect therein, or for any variance between the complaint and the evidence adduced at the trial. If a party is surprised as a result of such amendments, the court shall adjourn the hearing to some future day, upon terms as it shall think proper.

Rule 8 is silent on the standard that would govern whether the amended complaint would relate back to the filing of the original complaint. The Supreme Court of the Virgin Islands, however, instructs that this Court may consider case law interpreting Federal Rule of Civil Procedure 15(c) to determine the legal standard that should govern the relation back of amendments to pleadings filed in the Superior Court. *Santiago*, 57 V.I. at 275 ("To interpret the local enactment and determine the legal standard that should govern amendments, we will consider case law interpreting Federal Rule of Civil Procedure 15(c) . . ."). "The provisions now set forth in Federal Rule of Civil Procedure 15(c)(1)(C) 'can ameliorate the running of the statute of limitations on a claim by making the amended claim relate back to the original, timely filed complaint.' " *Id.* at 275 (citing *Singletary v. Pennsylvania Dept. of Corr.*, 266 F.3d 186, 193 (3d Cir. 2001)). The applicable provisions of Rule 15(c) states, in relevant part:

> An amendment to a pleading relates back to the date of the original pleading when:
>
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and

if, within the period provided in Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:

(i) received such notice of the action that it will not be prejudiced in defending on the merits; and

(ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

FED. R. CIV. P. 15(c) (1) (C). Thus, according to the plain language of this rule, a plaintiff must demonstrate the following three distinct prerequisites in order for an amendment to relate back to the original complaint when naming a party: (1) the claims in the amended complaint must arise out of the same occurrences set forth in the original complaint; (2) the party to be brought in by amendment must have received notice of the action within 120 days of its institution; and (3) the party to be brought in by amendment must have known, or should have known, that the action would have been brought against the party but for a mistake concerning its identity. *Santiago*, 57 V.I. at 276. "Once these requirements are satisfied, Rule 15(c) instructs that the 'amendment . . . relate back to the date of the original pleading.' " *Id.* (citing *Arthur v. Maersk, Inc.*, 434 F.3d 196, 203 (3d Cir. 2006)).

 It is clear that the first requirement of Rule 15(c)(1)(C) is met in this case. The amended complaint asserts identical facts as those in the original complaint with the exception of adding Treasure Bay as a named defendant. Thus, the claims in the amended complaint arise out of the same occurrences set forth in the original complaint.

The second prong of Rule 15(c)(1)(C) requires there be a showing that Treasure Bay received notice of the action "within the period provided by Rule 4(m) for serving the summons and complaint," which is 120 days after the complaint is filed. FED. R. CIV. P. 4(m). The original complaints were filed on November 19, 2007. Thus, the record must reflect that Treasure Bay received notice of the filing of the original complaint on or before March 19, 2008.

 Notice, for purposes of the relation back doctrine, can be "actual, constructive, or imputed." *Santiago*, 57 V.I. at 277. "[N]otice may be deemed to have occurred when a party who has some reason to expect his potential involvement as a defendant hears of the commencement of litigation through some informal means. *Singletary*, 266 F.3d at 195.

Moreover, the amount of notice required under Rule 15(c)(1)(C) "must be more than notice of the event that gave rise to the cause of action; it must be notice that the plaintiff has instituted the action." *Id.* at 194.

There is no evidence in the record of these cases that Treasure Bay received actual, constructive or imputed notice of the filing of either complaint on or before March 19, 2008. The earliest date by which the Court can glean from the record that Treasure Bay knew of these cases is March 31, 2010, the date Anton Kuipers, the General Manager for the Casino, signed an affidavit indicating that the Casino is owned and operated by Treasure Bay and that GSI is not involved in the management or operation of Treasure Bay's facilities at the Casino. *See* Kuipers Aff. (Mar. 31, 2010) ¶ 1, 3, and 5 attached as Exhibit A to GSI's Mot. to Dis. filed on Apr. 6, 2010. It is quite likely that Kuipers — and by extension Treasure Bay — had knowledge of the filing of the cases prior to the date he signed the affidavit on March 31, 2010, however, there is no indication that Kuipers, or any other management representative of Treasure Bay, had the requisite knowledge on or before March 19, 2008; almost two years prior to the date Treasure Bay submitted Kuipers' affidavit.[7] Thus, the Court finds that Treasure Bay did not receive notice of the institution of these cases within 120 days of filing and that the second prong of Rule (c)(1)(C) is not met in this case.

■ The third requirement under Rule 15(c)(1)(C) is that Plaintiff named GSI "but for a mistake." A "mistake" is commonly defined as "an error" or "misunderstanding." *See* Webster's II New College Dictionary 702 (1999). "A mistake also includes errors in legal form, for example:

---

[7] The Court recognizes that the law firm representing Treasure Bay was the same firm that represented GSI in these consolidated matters. Thus, the "shared attorney" doctrine for imputing notice under Rule 15(c)(1)(C) might be implicated in this case. Under this doctrine, a plaintiff can demonstrate notice "when an originally named party and the party who is sought to be added are represented by the same attorney" because "the attorney is likely to have communicated to the latter party that he may very well be joined in the action." *Singletary*, 266 F.3d at 196. However, Plaintiffs did not file a response to Treasure Bay's motion to dismiss — despite the Court granting several extensions to do so — nor did Plaintiffs file any motions requesting an opportunity to conduct discovery to determine whether Treasure Bay had actual, constructive, or imputed notice on the claims filed in these matters. In the absence of any evidence in the record, imputing knowledge on Treasure Bay that they had knowledge of this case within the 120-day period simply because they shared the same law firm (and/or attorney) would require the Court to engage in inappropriate speculation and conjecture.

where a plaintiff has full knowledge of all relevant actors but lists the technically incorrect party in her complaint." *Kinnally v. Bell of Pennsylvania*, 748 F. Supp. 1136, 1141-42 (E.D. Pa. 1990). As mentioned above, Plaintiff did not file a response to Treasure Bay's dismissal motion and thus, the Court does not have the benefit of Plaintiffs' arguments as to why Treasure Bay was not named as a defendant in the original complaint. Consequently, the Court is unable to conclude that Treasure Bay was not named as a defendant when these cases were initially filed because Plaintiffs were not aware of the identity of the proper party "but for a mistake."[8]

## IV. CONCLUSION

For the reasons stated above, the Court concludes that the amended complaint does not relate back to the filing of the original complaint, and therefore, the claims asserted against Treasure Bay are time barred under 5 V.I.C. § 31(5)(C). Accordingly, the Court will grant Treasure Bay's motion to dismiss. Because the Court will grant Treasure Bay's motion to dismiss, the Court finds it unnecessary to address Treasure Bay's alternative argument that these matters should be stayed pending arbitration. An appropriate Order follows.

---

[8] Perhaps Plaintiffs were confused as to which party to sue due to the closeness in the trade names of these corporate entities. It appears that GSI is the owner of Divi Carina Bay Hotel (Henry Aff. ¶ 1 (Feb. 26, 2008)) and Treasure Bay is the owner and operator of the Divi Carina Bay Casino. (Kuipers Aff. ¶ 3 (Mar. 31, 2010)). The Court can take judicial notice that the Divi Carina Bay Hotel and the Divi Carina Bay Casino are in close proximity to each other. The Court, however, will not speculate that any closeness in the trade names of GSI and Treasure Bay caused any confusion resulting in Plaintiffs not naming Treasure Bay as a named defendant in the original complaint due to a mistake.