# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-3392

_____

Robert Mau; Eagle Well Services, Inc.

*Plaintiffs - Appellants*

v.

Twin City Fire Insurance Co.

*Defendant - Appellee*

_____

Appeal from United States District Court
for the District of North Dakota - Bismarck

_____

Submitted: October 18, 2018
Filed: December 6, 2018

_____

Before SMITH, Chief Judge, LOKEN and GRUENDER, Circuit Judges.

_____

GRUENDER, Circuit Judge.

Robert Mau and Eagle Well Services, Inc. ("EWS") appeal the district court's[1]
grant of Twin City Fire Insurance Company's ("Twin City") cross-motion for

---

[1]The Honorable Daniel L. Hovland, Chief Judge, United States District Court
for the District of North Dakota.

summary judgment. The district court found that Twin City did not owe Mau or EWS a duty to defend under a Twin City insurance policy. We affirm.

The complicated facts of this case are set out fully in the district court's order, *Mau v. Twin City Fire Ins. Co.*, No. 1:16-CV-325, 2017 WL 4479731, at *1-3 (D.N.D. Oct. 3, 2017), so we relate only the most relevant facts here. Twin City insured Eagle Operating, Inc. and its subsidiaries. Endorsement No. 2 of the policy defined Eagle Operating's subsidiaries to include EWS and MW Industries, Inc. During the relevant period, Mau was president of Eagle Operating, shareholder and president of EWS, director and president of MW, and an owner of American Well Services ("AWS").

In February 2012, EWS sold its assets to a predecessor of Sun Well Services ("Sun Well") through an Asset Purchase Agreement ("Agreement"). EWS and Mau were parties to the Agreement, which included a noncompetition covenant. After the Agreement was signed, MW sold equipment to AWS. Claiming that the sale violated the noncompetition covenant, Sun Well sued Mau for breach of contract, fraud, and civil conspiracy, and it sued EWS for breach of contract and fraud. Twin City refused to defend the suit.[2]

Mau and EWS sued Twin City, seeking a declaration that they were insured under the policy. They also sued Twin City for breach of contract and breach of the implied covenant of good faith and fair dealing. Mau filed a motion for partial summary judgment. Twin City filed a response in opposition and a cross-motion for

---

[2]Twin City based its denial as to EWS on Endorsement No. 9 and Endorsement No. 10 of the insurance policy, which together deleted Endorsement No. 2 and changed the policy so that EWS was no longer an insured subsidiary of Eagle Operating. The parties dispute the validity of Endorsement No. 9 and Endorsement No. 10. We assume, without deciding, that they are invalid and that EWS is thus an insured subsidiary according to Endorsement No. 2.

summary judgment, asking the court to find that Twin City had no duty to defend Mau or EWS. The district court denied Mau's motion for partial summary judgment, and it granted Twin City's cross-motion for summary judgment.

We review a grant of summary judgment *de novo,* considering the facts "in the light most favorable to the nonmoving party." *Hiland Partners GP Holdings, LLC v. Nat'l Union Fire Ins. Co. of Pittsburgh*, *PA*, 847 F.3d 594, 597 (8th Cir. 2017). A motion for summary judgment will be granted where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgement as a matter of law." Fed. R. Civ. P. 56(a). We review "the district court's construction of an insurance policy and interpretation of state law de novo." *Philadelphia Consol. Holding Corp. v. LSI-Lowery Systems, Inc.*, 775 F.3d 1072, 1076 (8th Cir. 2015).

The parties agree that North Dakota law applies in this case. "[T]he parameters of [an insurer's] duty to defend are governed by the allegations in the complaint against the insured." *Pennzoil Co. v. U.S. Fid. & Guar. Co.*, 50 F.3d 580, 583 (8th Cir. 1995) (applying North Dakota law). "[A]n insurer has no duty to defend an action if there is no possibility of coverage under the policy." *Schultze v. Cont'l Ins. Co.*, 619 N.W.2d 510, 513 (N.D. 2000). "[A]ny doubt about whether a duty to defend exists must be resolved in favor of the insured." *Tilbert v. Nodak Mut. Ins. Co.*, 816 N.W.2d 31, 42 (N.D. 2012).

The district court properly granted summary judgment to Twin City as to both Mau and EWS. Mau argued before the district court that Twin City owed him a duty to defend because Sun Well sued him in his capacity as a director and officer of MW, an insured subsidiary of Eagle Operating. The district court rejected his argument, and so do we. Sun Well's claims do not depend on any actions Mau took as president of MW. This is evidenced by the fact that Sun Well did not sue MW. While Sun Well's complaint mentions MW contextually, MW is not a party to the suit.

Instead, Sun Well's claims depend on the alleged breach of the noncompetition covenant in the Agreement between EWS and Sun Well, an agreement to which MW was not a party. Sun Well would have no claim for breach of contract, fraud, or civil conspiracy against Mau were it not for the Agreement, which he signed as president of EWS, not as a director and officer of MW. Thus, Sun Well sued Mau in his capacity as president of EWS. Because Sun Well's complaint contains no claims based on any actions Mau took as a director and officer of MW, Twin City owes him no duty to defend on that basis.

For the first time on appeal, Mau argues that Twin City owes him a duty to defend because he was sued in his capacity as president of EWS. But before the district court he argued only that he was entitled to coverage in his capacity as officer and director of MW. "It is well settled that we will not consider an argument raised for the first time on appeal." *Eagle Tech. v. Expander Ams., Inc.*, 783 F.3d 1131, 1138 (8th Cir. 2015). Because Mau did not give the district court the opportunity to consider whether he was entitled to coverage in his capacity as president of EWS, we decline to do so here.

But even had Mau raised this argument before the district court, Eagle Operating's insurance policy with Twin City includes an exclusion that applies to Mau in his capacity as president of EWS. The dual service exclusion provides as follows:

> The Insurer shall not pay **Loss**: . . . of an **Insured Person** based upon, arising from, or in any way related to such **Insured Person's** service, at any time, as a director, officer, trustee, regent, governor or equivalent executive or as an employee of any entity other than an **Insured Entity** even if such service is at the direction or request of such **Insured Entity** . . . .

-4-

Because the allegations of the complaint govern the duty to defend, we look to Sun Well's complaint when applying the dual service exclusion. *See Pennzoil Co.*, 50 F.3d at 583. The complaint says that Mau "participated in the formation and subsequent operation" of AWS. And it says that AWS is an "affiliate" of Mau "as that term is defined in Section 7.13 of the [Agreement]." The Agreement defines affiliate as a "person that directly or indirectly, through one or more intermediaries, Controls, is Controlled by, or is under common Control with, such first person." Any loss Mau suffers from the Sun Well litigation certainly "arises from" and is "related to" his service in one of the exclusion's stipulated roles for AWS, an uninsured entity. Thus, the dual service exclusion applies to Mau.

Because Mau was not sued in his capacity as director and officer of MW and because the dual service exclusion applies, there is no possibility of coverage for Mau under Twin City's policy. *See Schultze*, 619 N.W.2d at 513. Twin City has no duty to defend Mau in this suit.

Similarly, Twin City has no duty to defend EWS in this suit. The insurance policy includes another exclusion that reads as follows:

> The Insurer shall not pay **Loss** under Insuring Agreement (C) in connection with any **Claim** based upon, arising from, or in any way related to any actual or alleged:
>
> **(1)** liability under any contract or agreement, provided that this exclusion shall not apply to the extent that liability would have been incurred in the absence of such contract or agreement . . . .

In other words, the contract exclusion applies to claims arising from the insured's contracts or agreements unless liability otherwise would exist in the absence of the contract or agreement. This exclusion applies to EWS because Sun Well's claims against EWS for breach of contract and fraud are based upon, arise from, or are

related to the Agreement, and liability could not have been incurred in the absence of the Agreement.

EWS does not contest that Sun Well's claims are based upon, arise from, or are related to the Agreement. Instead, EWS advances several theories contending that liability exists "in the absence of" the Agreement. For example, it argues that, under North Dakota law, the noncompetition covenant was only enforceable in one county. *See* N.D.C.C. § 9-08-06 (stipulating that restraints on business are void except that a party can agree to "refrain from carrying on a similar business within a specified county, city, or a part of either"). EWS therefore claims that it could be liable for fraud in those counties where the noncompetition covenant was void. EWS argues further that Sun Well's fraud claim created the possibility that the Agreement would be rescinded. If the Agreement were to be rescinded, EWS claims, liability would exist in the absence of the Agreement.

In either case, even if EWS's arguments had some validity, the contract exclusion would apply to any resulting liability. Sun Well's fraud claim would not exist in the absence of the Agreement. The fraud claim alleged that Mau and EWS "concealed" material facts about their plan to breach the noncompetition covenant that they had a duty to disclose. And a contract that does not exist cannot be rescinded. Any recovery for rescission of the Agreement, such as the return of amounts received under the contract, would not come about in the absence of the Agreement.

There is no possibility of coverage for EWS under Twin City's policy because the contract exclusion applies. Twin City does not owe EWS a duty to defend. *See* *Schultze*, 619 N.W.2d at 513.

For the foregoing reasons, we affirm.

_____