# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 20-1855

———————————————

Selective Way Insurance Company, a New Jersey corporation

*Plaintiff - Appellee*

v.

CSC General Contractors, Inc., a Georgia corporation; CSC General Contractors, ND LLP, a North Dakota limited liability partnership

*Defendants - Appellants*

————————

Appeal from United States District Court
for the District of North Dakota - Western

————————

Submitted: March 18, 2021
Filed: April 21, 2021

————————

Before GRUENDER, BENTON, and GRASZ, Circuit Judges.

————————

BENTON, Circuit Judge.

Selective Way Insurance Company sought a declaration that a subcontractor's policy did not require it to defend or indemnify CSC General Contractors, Inc. CSC counter-claimed, asserting Selective owed these duties and denied them in bad faith. The district court granted summary judgment to Selective. Having jurisdiction under 28 U.S.C. § 1291, this court reverses and remands.

In 2012, CSC contracted to build a store—including a parking lot—for Acme Electric Tools, Inc. In 2013, CSC subcontracted for 3,000-psi concrete for the lot. To construct the parking lot—mixing and pouring the concrete—CSC also subcontracted with Glosson Group, LLC. This subcontract required that CSC be an "additional insured" on Glosson's general liability policy. Glosson's policy was with Selective. It was effective from February 26, 2014 to 2015.

In 2014, inspecting the parking lot, Acme reported scaling, cracking, and pop-outs across the surface. Acme sued CSC in 2015. The claims centered on the selection of 3,000-psi—instead of 4,000-psi—concrete. CSC tendered defense of the suit to Selective. Selective denied coverage on two grounds: CSC was not an additional insured, and Glosson had no contractual duty to defend or indemnify. CSC filed a third-party complaint against Glosson, asserting it caused the damage by adding too much water to its concrete. The third-party complaint went to arbitration. In 2017, the arbitrator determined Glosson owed CSC indemnification for all Acme's damages. Nine days later, Selective filed this federal case. CSC settled with Acme. In this case, the parties cross-moved for summary judgment. The district court granted summary judgment to Selective.

"This court reviews de novo a grant of summary judgment." ***Torgerson v. City of Rochester***, 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc). "Summary judgment is proper 'if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.'" ***Id.***, *citing* **Fed. R. Civ. P. 56(c)(2)**.

I.

A.

The district court decided that Selective did not owe a duty to defend and indemnify CSC (though ruling that CSC was an "additional insured"). Selective agrees with the judgment but does not defend the district court's reasoning. Rather,

Selective defends the judgment by arguing only that CSC is not an additional insured under Glosson's policy. Selective did not cross-appeal.

CSC contends that by failing to cross-appeal, Selective waived its right to challenge the district court's decision that CSC is an additional insured. "It is well-settled that failure to file a cross-appeal prohibits an appellee from attempting to enlarge her rights or to lessen her adversary's rights." ***Bethea v. Levi Strauss & Co.***, 916 F.2d 453, 456 (8th Cir. 1990). "[A]n appellee who does not cross-appeal may not 'attack the decree with a view either to enlarging his own rights thereunder or of lessening the rights of his adversary.'" ***Jennings v. Stephens***, 574 U.S. 271, 276 (2015), *quoting **United States v. Am. Ry. Express Co.***, 265 U.S. 425, 435 (1924). "This Court, like all federal appellate courts, does not review lower courts' opinions, but their judgments." ***Id.*** at 277. "An appellee who does not take a cross-appeal may urge in support of a decree any matter appearing in the record, although his argument may involve an attack upon the reasoning of the lower court." ***Id.*** at 276 (quotation omitted).

The district court's judgment dismissed CSC's claim with prejudice. CSC's right to relief under that judgment would not change if this court would affirm on the additional insured issue. *Cf.* ***Waller v. Groose***, 38 F.3d 1007, 1008 (8th Cir. 1994) ("We may affirm the judgment on any grounds supported by the record, even if not relied upon by the district court."). Thus, this court may consider whether CSC is an additional insured.

### B.

Like the district court ruled, CSC believes it is an additional insured under Glosson's policy. Selective counters that CSC is not an additional insured because, by the policy's terms, Glosson did not handle a "product," but only constructed "real property."

"Our goal when interpreting insurance policies, as when construing other contracts, is to give effect to the mutual intention of the parties as it existed at the

time of contracting." ***Wisness v. Nodak Mut. Ins. Co.***, 806 N.W.2d 146, 148 (N.D. 2011). "We look first to the language of the insurance contract, and if the policy language is clear on its face, there is no room for construction." ***Id.*** "While we regard insurance policies as adhesion contracts and resolve ambiguities in favor of the insured, we will not rewrite a contract to impose liability on an insurer if the policy unambiguously precludes coverage." ***Id.*** "We will not strain the definition of an undefined term to provide coverage for the insured." ***Id.***

The plain language of the policy covers Glosson's cement-mixing error. The policy extends blanket insurance for:

> liability for "bodily injury" or "property damage" . . . caused, in whole or in part, by:
>
> 1. Your ongoing operations, "your product", or premises owned or used by you.

These three potential bases for additional-insured coverage are in the disjunctive, separated by "or." "[T]he term 'or' . . . is disjunctive in nature and ordinarily indicates an alternative between different things or actions." ***Narum v. Faxx Foods, Inc.***, 590 N.W.2d 454, 460 (N.D. 1999). If damages were caused by any of the three bases, then CSC is an additional insured.

At least one basis—"your product"—includes Glosson's cement mixing. The policy defines "your product":

> 21. "Your product":
>
> a.  Means:
>
> (1) Any goods or products, other than real property, manufactured, sold, handled, distributed or disposed of by:
>
> (a) You . . . .

Glosson mixed and poured cement for CSC. Cement is a product that Glosson handled. Thus, the property damage caused, at least in part, by the cement Glosson mixed is covered under the policy.

Selective argues Glosson's mixed cement was real property, since it *became* real property once mixed, poured, and hardened. True, real property may include "improvements to land," like a parking lot. *See Overboe v. Overboe*, 160 N.W.2d 650, 653-54 (N.D. 1968) (distinguishing "improvements which were permanent additions to or constituted betterment of the property" from "ordinary repairs"). But Glosson damaged the parking lot through its handling of the cement (adding too much water) *before it hardened*. Thus, the damage was caused, at least in part, by handling of the cement, not handling of real property. CSC is an additional insured for the property damage Glosson caused.

## II.

Granting summary judgment, the district court focused at length on five coverage issues not stated in Selective's coverage denial. The district court erred in looking beyond the denial letter.

The district court did not properly apply North Dakota's estoppel law on insurance coverage. "[A]n insurer which disclaims liability on one ground, thereby misleading claimants to their prejudice, may be estopped from raising other grounds for denying liability." *D.E.M. v. Allickson*, 555 N.W.2d 596, 600 (N.D. 1996). "The crucial elements of estoppel in this context are the insurer's stated reliance upon one ground for denying liability without stating additional known grounds, and resulting prejudice to the claimant." *Id.* at 601. "[T]he notice of disclaimer must promptly apprise the claimant with a high degree of specificity of the ground or grounds on which the disclaimer is predicated." *Id.* at 600, *quoting Gen. Acc. Ins. Grp. v. Cirucci*, 387 N.E.2d 223, 225 (N.Y. 1979). North Dakota does not "sanction the functional equivalent of a 'shell game'" with coverage. *Id.* at 601.

CSC meets both elements for coverage estoppel. Selective asserted two grounds for denial and rested on them until *after* the underlying settlement. The district court granted summary judgment based on five grounds not in Selective's denial. Selective cannot now rely on grounds raised for the first time in this case, if CSC detrimentally relied on its denial letter. CSC responded in weeks to Selective's coverage denial letter. CSC then completed two lawsuits in reliance on Selective's stated grounds before Selective, in this case, changed its position. Selective knew throughout the arbitration and settlement that CSC believed the grounds in the denial letter were all that prevented Selective from covering CSC's losses. For over two years, CSC relied on Selective's stated grounds to craft its litigating position against Glosson and to settle with Acme. Selective is estopped from asserting grounds other than those in its denial letter—both of which Selective lost.

## III.

CSC argues that because it is an additional insured, Selective denied its claim in bad faith. The district court granted Selective summary judgment because, even if CSC is an additional insured, Selective reasonably denied CSC's tender of the Acme claims.

"An insurer has a duty to act in good faith in its relationships with its policyholders." ***Dvorak v. Am. Fam. Mut. Ins. Co.***, 508 N.W.2d 329, 331 (N.D. 1993). "[A]n insurer's duty to its policyholders to negotiate a settlement of a potential claim in good faith and with fair dealing does not extend to injured third parties with potential claims against insureds." *Id.* at 330. "Absent a clause in the insurance contract bestowing the right to bring a direct action against the insurer, an injured party's claim must be asserted against the tortfeasor, not the tortfeasor's insurer." *Id.* at 331. "The insurer's obligation to defend must be measured by the terms of the insurance policy and the pleading of the claimant who sues the insured." ***Kyllo v. Northland Chemical Co.***, 209 N.W.2d 629, 634 (N.D. 1973). "[A]n insurer is not guilty of bad faith for denying a claim if the claim is fairly debatable, or if there is a reasonable basis for denying the claim or delaying payment." ***Hartman v.***

***Est. of Miller***, 656 N.W.2d 676, 681 (N.D. 2003). As discussed, CSC is an additional insured, so Selective owes it a duty of good faith and fair dealing.

"The mere fact that an insurer's position is held invalid by the courts does not necessarily mean it acted in bad faith." ***Hart Const. Co. v. Am. Fam. Mut. Ins. Co.***, 514 N.W.2d 384, 391 (N.D. 1994). "The test for an insurer's bad faith is whether the 'insurer has acted unreasonably in handling an insured's claim by failing to compensate the insured, without proper cause, for a loss covered by the policy.'" ***Id.*** (quotation omitted). "Whether an insurer has acted in bad faith in refusing to pay amounts claimed under an insurance policy is [a] question of fact." ***Id.*** (alteration added). The North Dakota Supreme Court reversed and remanded summary judgment on a bad faith claim where the district court's judgment was premised on lack of coverage, but the Court found coverage existed. ***Id.*** at 392.

North Dakota has "formulated the duty to defend to require a liability insurer to defend an underlying action against its insured if the allegations in the complaint give rise to potential liability or a possibility of coverage under the insurance policy." ***Schultze v. Cont'l Ins. Co.***, 619 N.W.2d 510, 513 (N.D. 2000). "Only if there is no possibility of coverage is the insurer relieved of its duty to defend." ***Tibert v. Nodak Mut. Ins. Co.***, 816 N.W.2d 31, 43 (N.D. 2012). "The insurer's duty to defend is set by the pleadings and must be determined as of the time the defense it tendered; it is not affected by the course and outcome of the litigation." ***Id.*** at 44 (quotation omitted).

To show Selective failed to reasonably handle CSC's claims, CSC cites the Acme complaint, another subcontractor's report, and Selective's statement in the denial letter that there is "potentially coverage." Selective counters that the Acme complaint and the terms of the policy are "fairly debatable," so it had a reasonable basis to deny the claims. Whether the denial was reasonable is a disputed issue of material fact. *See* ***Hartman***, 656 N.W.2d at 681 ("Whether an insurer acts in bad faith is ordinarily a question of fact."). Summary judgment was not appropriate on the bad faith claim.

\* \* \* \* \* \* \*

The judgment is reversed and remanded for further proceedings consistent with this opinion.

_____