# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2023 ND 36

Jim Arthaud,                                              Plaintiff and Appellant

v.

Jim Fuglie,                                              Defendant and Appellee

## No. 20220234

Appeal from the District Court of Burleigh County, South Central Judicial District, the Honorable Cynthia M. Feland, Judge.

AFFIRMED.

Opinion of the Court by Jensen, Chief Justice, in which Justice Tufte and District Judge Clark joined. Justice Bahr filed a concurring opinion, in which Justice McEvers joined.

Mark W. Vyvyan (argued), Minneapolis, MN, and Lawrence Bender (appeared) and Spencer D. Ptacek (on brief), Bismarck, ND, for plaintiff and appellant.

Chris A. Edison (argued) and Katie L. Winbauer (appeared), Bismarck, ND, for defendant and appellee.

**Jensen, Chief Justice.**

[¶1]  Jim Arthaud appeals a district court judgment granting Jim Fuglie's motion to dismiss. Arthaud argued this Court should adopt the "discovery rule" when determining whether a litigant has timely brought a defamation claim. We hold it is unnecessary to decide whether to adopt the discovery rule for defamation claims because the Uniform Single Publication Act precludes the discovery rule from applying to statements made to the public. We affirm.

I

[¶2]  Arthaud sued Fuglie, alleging Fuglie published a defamatory statement in his internet blog titled "A Bridge to Nowhere." The blog was published in August 2018 on Fuglie's website, "The Prairie Blog." In the post Fuglie wrote:

> Arthaud knows something about dealing with politicians. Here's a story from a friend of a friend of a friend. Someone was in Arthaud's office and needed something from Sen. John Hoeven. Arthaud picked up the phone, dialed up Hoeven's office in Washington, DC, got Hoeven on the phone, got what his friend needed, hung up, and said "That's what $20,000 will get you."

[¶3]  Arthaud brought suit on October 5, 2021, asserting he did not learn about the post until September 2021. Fuglie responded and filed a motion to dismiss, arguing Arthaud's claim was time barred under the applicable statute of limitations. The district court subsequently granted the motion to dismiss, finding Arthaud's claims were time barred under section 28-01-18(1) of the North Dakota Century Code regardless of whether the discovery rule applies in defamation cases.

II

[¶4]  Arthaud asserts the district court erred in granting Fuglie's Rule 12(b)(6), N.D.R.Civ.P., motion to dismiss Arthaud's defamation claim because the discovery rule should apply to defamation claims and Arthaud did not

discover the claim until September 2021. We have outlined the following when reviewing motions to dismiss:

> "A motion to dismiss a complaint under N.D.R.Civ.P. 12(b)[6] tests the legal sufficiency of the claim presented in the complaint." *In re Estate of Nelson*, 2015 ND 122, ¶ 5, 863 N.W.2d 521 (quoting *Brandvold v. Lewis & Clark Pub. Sch. Dist. No. 161*, 2011 ND 185, ¶ 6, 803 N.W.2d 827). "On appeal from a dismissal under N.D.R.Civ.P. 12(b)[6], we construe the complaint in the light most favorable to the plaintiff and accept as true the well-pleaded allegations in the complaint." *Id.* A district court's decision granting a Rule 12(b)(6) motion to dismiss a complaint will be affirmed "if we cannot 'discern a potential for proof to support it.'" *Nelson v. McAlester Fuel Co.,* 2017 ND 49, ¶ 20, 891 N.W.2d 126 (quoting *Kouba v. State*, 2004 ND 186, ¶¶ 4-6, 687 N.W.2d 466). We review a district court's decision granting a motion to dismiss under N.D.R.Civ.P. 12(b)(6) de novo on appeal. *Estate of Nelson*, at ¶ 5.

*Krile v. Lawyer*, 2020 ND 176, ¶ 15, 947 N.W.2d 366.

[¶5] Section 28-01-18, N.D.C.C., provides that an action for libel or slander must be commenced within two years after the claim for relief has accrued. A cause of action accrues on a defamation claim when the publication of the false statement is made to a third party. *Schultze v. Cont'l Ins. Co.*, 2000 ND 209, ¶ 12, 619 N.W.2d 510. Arthaud argues the discovery rule should apply to defamation claims, and therefore the running of the statute of limitations should not begin until Arthaud discovered the blog post. We find it unnecessary to determine whether the discovery rule should apply to defamation claims because the Uniform Single Publication Act, as adopted by the North Dakota legislature, precludes application of the discovery rule when the alleged defamatory statement was made to the public.

[¶6] The Uniform Single Publication Act provides:

No person may have more than one claim for relief for damages for libel or slander or invasion of privacy or any other tort founded upon any single publication or exhibition or utterance, such as any one edition of a newspaper or book or magazine or any one

2

presentation to an audience or any one broadcast over radio or television or any one exhibition of a motion picture. Recovery in any action must include all damages for any such tort suffered by the plaintiff in all jurisdictions.

A judgment in any jurisdiction for or against the plaintiff upon the substantive merits of any action for damages founded upon a single publication or exhibition or utterance as described in this section bars any other action for damages by the same plaintiff against the same defendant founded upon the same publication or exhibition or utterance.

N.D.C.C § 14-02-10. The Uniform Single Publication Act prevents endless retriggering of the statute of limitations by requiring the defamation claim to accrue upon the first publication of the statement. The language of the act implies the discovery rule is inapplicable in cases where the alleged defamatory remark was made to the public. Other courts have reached the same conclusion, rejecting application of the discovery rule to libels published in books, magazines, and newspapers. *See Barrett v. Catacombs Press*, 64 F.Supp.2d 440, 444-446 (E.D. Pa. 1999); *Holloway v. Butler*, 662 S.W.2d 688, 693 (Tex. App. 1983). The Supreme Court of California noted that "application of the discovery rule would undermine the protection provided by the single-publication rule." *Shively v. Bozanich*, 80 P.3d 676, 688 (Cal. 2003).

[¶7]   The Uniform Single Publication Act's purpose is to prevent both multiple and stale defamation claims. These purposes would be frustrated by application of the discovery rule where the alleged defamatory remark was published through a public format, such as the internet. We hold the Uniform Single Publication Act prevents application of the discovery rule to remarks made to the public regardless of the media used for the publication of the statement.

[¶8]   An action for libel or slander must be commenced within two years after the claim for relief has accrued. N.D.C.C. § 28-01-18. A cause of action accrues on a defamation claim when the publication of the false statement is made to a third party. *Schultze*, 2000 ND 209, ¶ 12. Fuglie's blog post was published on his website on August 2, 2018, and was available to the public on that date.

Arthaud commenced this lawsuit on October 5, 2021. Arthaud failed to commence the lawsuit within the two years provided for under the statute of limitations. Upon a de novo review, we conclude Arthaud's defamation claim is time barred under N.D.C.C. § 28-01-18.

## III

[¶9] The Uniform Single Publication Act precludes application of the discovery rule when the defamatory remarks were made to the public. Arthaud failed to commence this action within the applicable statute of limitations. We affirm the judgment.

[¶10] Jon J. Jensen, C.J.
Jerod E. Tufte
Honorable Cherie L. Clark, D.J.

[¶11] The Honorable Cherie L. Clark, D.J., sitting in place of Crothers, J., disqualified.

**Bahr, Justice, concurring.**

[¶12] I concur with the majority's result. However, I write separately because I do not agree the language of the Uniform Single Publication Act "implies the discovery rule is inapplicable in cases where the alleged defamatory remark was made to the public," as stated in the majority opinion. Majority, at ¶ 6.

[¶13] The Act states, "No person may have more than one claim for relief for damages for libel or slander or invasion of privacy or any other tort founded upon any single publication or exhibition or utterance[.]" N.D.C.C. § 14-02-10. The statute goes on to give examples by stating "such as any one edition of a newspaper or book or magazine or any one presentation to an audience or any one broadcast over radio or television or any one exhibition of a motion picture." *Id.* Those examples are limited to public statements, but the statute does not explicitly limit claims for damages only to alleged defamatory statements made to the public. The plain language of the statute states no person may have more than one claim for relief for damages for any tort founded upon any single publication, exhibition, or utterance. Thus, the Act

4

applies to all publications, exhibitions, and utterances, not only when the alleged defamatory statement or communication is made to the public. *See Hebrew Acad. of San Francisco v. Goldman*, 173 P.3d 1004, 1008 (Cal. 2007) (stating the single-publication rule, codified in the Uniform Single Publication Act, "applies without limitation to all publications"). The Act also does not explicitly address when a claim accrues and the statute of limitations begins to run. *See Bradford v. Am. Media Operations, Inc.*, 882 F.Supp. 1508, 1514 (E.D.Pa. 1995) (stating, "On its face, the Uniform Single Publication Act only limits the number of suits a plaintiff may bring on a single publication of defamatory material; it is silent as to when the statute of limitations begins to accrue on a defamation or invasion of privacy claim.").

[¶14] Although I disagree the language of the Uniform Single Publication Act implies the discovery rule is inapplicable in cases where the alleged defamatory remark was made to the public, I agree with the majority's result because the Act is a uniform law and other courts have interpreted the Act in a similar manner as the majority. *See In re Estate of Hall*, 2019 ND 196, ¶ 8, 931 N.W.2d 482 (stating, "When a uniform statute is interpreted it must be construed to effectuate its general purpose to make the law uniform in the states which enacted it."); N.D.C.C. § 1-02-13. We interpret uniform laws in a uniform manner, and we may "seek guidance from decisions in other states which have interpreted similar provisions of uniform laws." *Gooss v. Gooss*, 2020 ND 233, ¶ 7, 951 N.W.2d 247. Thus, I concur with the majority's conclusion, not because of the language of the Uniform Single Publication Act, but because we should interpret the Act consistent with the manner in which other courts have interpreted it.

[¶15] However, I note courts in states that adopted the Act have also held the discovery rule applies in limited circumstances, including when the alleged defamatory statement was hidden from view or inherently undiscoverable. *See Shively v. Bozanich*, 80 P.3d 676, 687-90 (Cal. 2003) (acknowledging the discovery rule has been applied in defamation cases where the alleged defamatory statement occurred in private or in confidential publications not readily available to the plaintiff or public); *Tom Olesker's Exciting World of Fashion, Inc. v. Dun & Bradstreet, Inc.*, 334 N.E.2d 160, 164 (Ill. 1975) (holding

5

the discovery rule applied to alleged defamation by credit reporting agency); *Holloway v. Butler*, 662 S.W.2d 688, 692-93 (Tex. Ct. App. 1983) (acknowledging the discovery rule may not apply when the plaintiff does not have the ability to know of the negligent act); *Atkinson v. McLaughlin*, 462 F.Supp.2d 1038, 1056 (D.N.D. 2006) (discussing North Dakota law and concluding the discovery rule applies to defamation claims only under limited circumstances where the alleged defamatory statements are secretive or inherently undiscoverable); *Barrett v. Catacombs Press*, 64 F.Supp.2d 440, 445 (E.D.Pa. 1999) (stating the discovery rule applies only to those situations where no amount of vigilance will enable the plaintiff to detect an injury). States that have not adopted the Act also recognize this limited exception and apply the discovery rule in certain types of defamation cases. *See, e.g.*, *Sears, Roebuck and Co. v. Ulman*, 412 A.2d 1240, 1243-44 (Md. 1980) (holding the discovery rule applied in case where defendant allegedly filed a false credit report with a credit agency); *White v. Gurnsey*, 618 P.2d 975, 935-37 (Or. Ct. App. 1980) (holding discovery rule applies to defamation actions involving publications of a confidential nature); *Kelley v. Rinkle*, 532 S.W.2d 947, 949 (Tex. 1976) (holding the discovery rule applied when the alleged defamation occurred in a report to a credit agency).

[¶16] I further note the district court did not rely on the Uniform Single Publication Act in reaching its conclusion. Rather, the court followed the holdings of the majority of courts addressing the applicability of the discovery rule to defamation claims and the decision of the United States District Court of North Dakota in *Atkinson*, 462 F.Supp.2d 1038. The court explained the majority of courts "have carved out a narrow exception and held that the discovery rule applies only in limited circumstances where the alleged defamatory statement was secretive or inherently undiscoverable . . . ." With regard to *Atkinson*, the court quoted the federal court as finding that, "[I]f given the opportunity, the North Dakota Supreme Court would apply the discovery rule to defamation claims but only in those limited circumstances where the allegedly defamatory statements are secretive or inherently undiscoverable." (Quoting 462 F.Supp.2d at 1056.) Based on the multiple cases cited by the district court, *Atkinson*, and the cases I cite in the previous paragraph, I would conclude the discovery rule only applies to defamation

claims where the allegedly defamatory statements are secretive or inherently undiscoverable.

[¶17] I agree the discovery rule does not apply in this case. I concur with the majority that the judgment should be affirmed.

[¶18] Lisa Fair McEvers
  Douglas A. Bahr